JOHN H. HART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52795, 60115.  Promulgated January 9, 1933.

*J. H. Amick, Esq.*, for the petitioner.
*Edward C. Adams, Esq.*, for the respondent.

## OPINION.

LEECH: Estates by the entirety exist only in real property under the common law, and such estates are recognized in Michigan, the common law being in effect where not in conflict with the constitution or laws of the state. *Morrill* v. *Morrill*, 138 Mich. 112; 101 N. W. 209. The execution of the land contract by petitioner and his wife converted their estate from real property into personal property. *Bowen* v. *Lansing*, 129 Mich. 117; 88 N. W. 384; *Detroit Trust Co.* v. *Baker*, 230 Mich. 551; 203 N. W. 154; *Mollie Shaffran*, 18 B. T. A. 91. Respondent contends that under the law of Michigan an estate by the entirety in petitioner and his wife was created by statute, under the conditions existing here, in the personal property represented by the contract of sale, and that the interest payments on deferred installments of the purchase price, representing income from such property, being subject under the common law rule to the unrestricted dominion of the husband, are taxable to him alone. In support of this contention respondent cites section 1 of Act 126 of the Michigan Legislature, approved April 30, 1925, as follows:

SEC. 1. In all cases where a husband and wife shall sell land held as a tenancy by the entirety and accept in part payment for the purchase price the note or other obligation of said purchaser payable to said husband and wife, secured by a mortgage on said land payable to husband and wife, the said debt together with all interest thereon, unless otherwise expressly stated in said mortgage, after the death of either shall be payable to the survivor, and the title to said mortgage shall vest in the survivor, and in case a contract for sale of property owned by husband and wife as tenants by the entirety is entered into by them as vendors, the same provisions herein applying to the rights of the survivor in mortgages as above set forth, shall apply to the survivor of the contract.

Respondent cites *Battjes Fuel & Building Material Co.* v. *Milanowski*, 236 Mich. 622; 211 N. W. 27, construing the quoted act as sustaining his position.

Regardless of this argument, the soundness of which may, at least, be questioned, in view of the doubtful effect of the cited case, we believe the present issue is decided by Act 212 of Public Acts of Michigan, 1927, approved May 20, 1927, which provides:

All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidence of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as endorsees or assignees, or otherwise, shall be held by such husband and wife in *joint tenancy* unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held *jointly* by husband and wife *under the laws of this State*, with full right of ownership by survivorship in case of the death of either.

This act was passed subsequent to Act 126 relied upon by respondent and prior to the execution of the land contract under which the payments here in question were made. We have found no case construing this statute. However, the present contract did not create a particular estate in petitioner and his wife in the specified consideration. Nothing was expressly provided therein describing the character of estate taken by petitioner and his wife in the contract or the payments thereunder, except that the payments were to be made to petitioner and wife jointly. The "land contract" was an "evidence of indebtedness," upon which collection could have been enforced. *Fitzhugh* v. *Maxwell*, 34 Mich. 138; *Walker* v. *Casgrain*, 101 Mich. 604; 60 N. W. 291. We conclude that the instrument is clearly one of the character to which Act 212 refers and the interest of petitioner and his wife therein must be held to be that of joint tenants.

It follows that only one-half of the interest payments received in each of the taxable years in question should have been included in the gross income of petitioner. *Frederick J. Haynes*, 7 B. T. A. 465.

*Judgment will be entered under Rule 50.*