ROBERT C. COOLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 63282.   Promulgated March 24, 1933.

*Robert C. Cooley, Esq.*, pro se.
*J. H. Yeatman, Esq.*, for the respondent.

OPINION.

BLACK: The pleadings present two questions for our decision, which we will discuss in their order. (1) Where husband and wife, domiciled in the State of Massachusetts, receive income from personal property held by them as tenants by the entirety, is all such income taxable to the husband, or is one half taxable to him and one half to the wife?

The petitioner contends that income from personal property held by husband and wife as tenants by the entirety in the State of Massachusetts is, for income tax purposes, taxable one half to each spouse, the same as income from community property in community property states, and cites *Poe* v. *Seaborn*, 282 U. S. 101. We find nothing in the decisions of the Massachusetts courts to support this contention.

An estate by the entirety may exist in personal as well as real property in the State of Massachusetts: *Boland* v. *McKowen*, 189 Mass. 563; 76 N. E. 206; *Phelps* v. *Simons*, 159 Mass. 415; 34 N. E. 657, and *Marble* v. *Jackson*, 139 N. E. 442.

In *Licker* v. *Gluskin* (1929), 265 Mass. 403; 164 N. E. 613, the Supreme Judicial Court of Massachusetts, after analyzing the various decisions on the subject of estates by the entirety, said:

Thus by a series of decisions, it is established that the rights of a husband in an estate by the entirety are the same as they existed at common law.

At common law the husband during coverture and as between himself and wife, had the absolute and exclusive right to the control,

use, possession, rents, issues and profits of property held as tenants by the entirety. The common law rule is followed in Massachusetts.

In the case of *Cunningham* v. *Ganley*, 166 N. E. 712 (1929), the Supreme Judicial Court of Massachusetts held that where real estate is held by husband and wife as tenants by the entireties, the rents and profits belong to the husband. In the case of *Pray* v. *Stebbins* (1886), 141 Mass. 219; 4 N. E. 824, it was held that the husband has during coverture the usufruct of all the real estate which his wife has in fee simple, fee tail or for life. To the same effect see *Voight* v. *Voight*, 147 N. E. 887.

These decisions of the Massachusetts courts demonstrate that the common law estate by the entirety between husband and wife continues to exist in that state in both real and personal property, unaffected by any statutes enabling married women to own, hold and dispose of property the same as a feme sole; that the entire income from property so held, as at common law, belongs to the husband and is properly returnable by him for income tax purposes. Cf. *District & Security Trust Co. et al., Executors* v. *Commissioner*, 20 B. T. A. 136, and *Sylvester A. Sommers*, 18 B. T. A. 768. Rules relating to income from community property have no bearing in this case, for the reason that Massachusetts is not a community property state.

On this issue we hold for respondent.

The remaining question is, Where a stockholder in a corporation receives in the taxable year as an incident to his stock ownership, rights to subscribe to bonds of the corporation which have a fair market value when received by the stockholder, do such rights constitute taxable dividends to the stockholder to the extent of their fair market value when he does not sell the rights in the taxable year, but exercises them to acquire the bonds?

The Board considered this identical question in *T. I. Hare Powel*, 27 B. T. A. 55, in which case the petitioner, as a stockholder of the American Telephone and Telegraph Company, in 1929 received " rights " to subscribe for gold debenture bonds convertible into shares of a new issue of stock at stated prices, and we held that the market value of the subscription rights did not constitute taxable income. In that case the " rights " received by Powell as stockholder in the American Telephone and Telegraph Company were of the very same series as those involved here. Accordingly, in the instant case there was, as we held in the Powell case, no realization of income on which to levy a tax. The mere receipt of subscription rights to purchase convertible bonds is not income.

*Decision will be entered under Rule 50.*