## HESSLEIN v. HOEY.

No. 464.

Circuit Court of Appeals, Second Circuit.

July 26, 1937.

Lamar Hardy, U. S. Atty., of New York City (Irvin C. Rutter, Asst. U. S. Atty., of New York City, of counsel), for appellant.

White & Case, of New York City (Walter S. Orr and Josiah Willard, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is an action to recover the amount of a gift tax alleged to have been illegally collected from the plaintiff by the defendant, collector of internal revenue for the Second District of New York. A motion to dismiss the complaint as insufficient was denied and, the defendant electing to stand upon his motion, judgment was entered for the plaintiff. The question presented is whether the creation of a trust for donee beneficiaries, in which the settlor reserves power to alter the trust in any manner not beneficial to himself or his estate, is a transfer subject to the federal gift tax under the Revenue Act of 1932 as amended.

On December 20, 1934, the plaintiff conveyed certain personal property (corporate stock) to trustees to pay the income to named beneficiaries during the life of the trust, and upon its termination upon the death of the survivor of the donor and his wife to distribute the principal among the persons named, or to those the settlor might appoint by will, if he should survive his wife. By the seventh article of the trust agreement the settlor reserved to himself the power to change the trustees, and by the tenth article the power to change the beneficiaries of income and principal and to alter the trust in any manner not beneficial to the settlor or his estate. The plaintiff contends that the reservation of these powers prevented the transfer from constituting a taxable gift; and so the District Court held.

The gift tax provisions of the Revenue Act of 1932, § 501 (a, b), 47 Stat. 245, 26 U.S.C.A. § 550 (a, b) lay a tax "upon the transfer * * * of property by gift," and declare that "the tax shall apply whether the transfer is in trust or otherwise." No gift tax is imposed, however, in respect to the corpus of a trust where the settlor reserves the power to revest title in himself; in such a case the gift of the corpus occurs when the power of revocation is terminated. This was expressly declared by subsection (c) of section 501, Revenue Act 1932 (26 U.S.C.A. § 550 note); and it was the law regardless of such express declaration. Burnet v. Guggenheim, 288 U.S. 280, 53 S.Ct. 369, 77 L.Ed. 748. After that decision, said subsection was repealed as unnecessary. Section 511 of the Revenue Act of 1934 (48 Stat. 758).

In the case at bar, as was true in the Guggenheim Case, the question is one of legislative intention rather than of legislative power. We are to determine whether Congress has indicated its legislative intention to impose a gift tax upon a transfer in trust when the settlor divests himself of all beneficial interest in the property transferred but reserves the power to alter the disposition of the property in any way he may from time to time see fit, save only that the alteration must not revest any interest in himself or his estate. This restriction prevents the power reserved from being as absolute as that considered in Burnet v. Guggenheim, supra, but the power is nevertheless broad enough to enable the donor, subject only to the exception stated, to make a complete revision of all he has done. Such a reservation of power, if it is cut off by the settlor's death, requires that the corpus of the trust be subjected to an estate tax. Porter v. Commissioner, 288 U.S. 436, at page 443, 53 S.Ct. 451, 453, 77 L.Ed. 880 where the court said that, so far as concerns the estate tax, "there is no difference in principle between a transfer subject to such changes and one that is revocable."

We think this is equally true so far as concerns the gift tax. When the donor reserves power to change the beneficiaries at will, whether the reservation be phrased as a power to revoke or as a power to alter in any manner not beneficial to the donor or his estate, nothing has been done to give assurance that any part of the principal will ever be received by the named donees. By section 510, Revenue Act 1932 (47 Stat. 249 [26 U.S.C.A. § 559]), the donee of any gift is made personally liable for the gift tax to the extent of the value of the gift, if the tax is not paid by the donor. It seems unlikely that Congress would intend to impose personal liability upon a donee who might thereafter be deprived of all inter-

est in the property at the will of the so-called donor. The very day after creating the trust the settlor might exercise his reserved power by irrevocably appointing the corpus to a charity, to which a gift would be exempt from tax. Section 505, Revenue Act 1932 (47 Stat. 247, as amended [26 U.S.C.A. § 554]). We cannot believe that personal liability was meant to be imposed upon the originally named beneficiary in such a case. A statute should be construed so as to avoid unnecessary hardship when its meaning is uncertain. Burnet v. Guggenheim, 288 U.S. 280, 285, 53 S.Ct. 369, 370, 77 L.Ed. 748. There is at least uncertainty whether a trust which leaves so indeterminate the ultimate beneficiaries of the corpus is the kind of gift which the statute was meant to tax. When Porter v. Commissioner, supra, was before this court, 60 F.(2d) 673, at page 674, we said: "A gift is a bilateral transaction and demands a donee as well as a donor; it is incomplete though the donor has parted with his interest, if the donee remains indeterminate, and the beneficiaries are determined only when the power to change them ends."

Moreover, the gift tax·and the estate tax are closely related in purpose and in structure; the two statutes (26 U.S.C.A. §§ 410 et seq., 550 et seq.), are in pari materia, as stated in Burnet v. Guggenheim, supra, 288 U.S. 280, at page 286, 53 S.Ct. 369, 371, 77 L.Ed. 748. They must be construed in conjunction. Indeed, it would seem that the purpose of the gift tax was to supplement the estate tax and prevent avoidance of it by inter vivos gifts. See Cong.Rec. 72d Cong., 1st Sess., pp. 5691, 5788. The gift tax of 1924 was repealed when Congress established a conclusive presumption that gifts within two years of death were made in contemplation of death and therefore subject to an estate tax. Revenue Act 1926, §§ 302 (c), 1200, 44 Stat. 70, 125, 126. Shortly after Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772, had held such conclusive presumption invalid, the gift tax provisions of the Revenue Act of 1932 were enacted. Since the primary purpose of the gift tax statute is to supplement the estate tax statute, it is reasonable to construe the former as excluding gifts so incomplete by reason of powers reserved to the donor, as to be expressly made subject by the latter to the estate tax. Section 302 (d), Revenue Act 1926 (44 Stat. 70, 71). It is true that the two statutes are not mutually exclusive in all cases. Section 801 of the Revenue

Act of 1932 (47 Stat. 278, 26 U.S.C.A. § 413 (a) (2), provides for crediting against the estate tax any gift tax collected with respect to the same property. But this provision can be given effect without defeating the construction for which we have argued; for example, a gift in contemplation of death would be subject to a gift tax even though the property must also be included in the gross estate for estate tax purposes. Section 302 (c), Revenue Act 1926 (44 Stat. 70). It is true also that article 3 of Treasury Regulations 79 has construed the statute as imposing a gift tax on such a transaction as the one involved in the case at bar. These regulations, however, are of recent adoption and have not the sanction which would result from a subsequent reenactment of the statute. As expressing the opinion of the Treasury Department, they are entitled to respect but cannot be deemed decisive. In our opinion, for the reasons already stated, section 501 was not intended to impose a gift tax with respect to the corpus of such a trust as the plaintiff created in 1934. If during his life he shall terminate his reserved powers, a gift tax will then accrue. If they are terminated by his death, the property will be subject to an estate tax.

Judgment affirmed.

AUGUSTUS N. HAND, Circuit Judge (dissenting).

While I am by no means confident about what ought to be the decision of this appeal, I am on the whole inclined to differ with the view of the majority of the court. Justice Cardozo remarked as to the power of the settlor in Burnet v. Guggenheim, 288 U.S. 280, 284, 53 S.Ct. 369, 370, 77 L.Ed. 748:

"He was free at any moment, with reason or without, to revest title in himself, except as to any income then collected or accrued. As to the principal of the trusts and as to income to accrue thereafter, the gifts were formal and unreal. They acquired substance and reality for the first time in July, 1925, when the deeds became absolute through the cancellation of the power."

In the case at bar the settlor parted with all beneficial interest in the corpus when he created the trust and under his reserved power could only make appointments by will in certain conditions or modify the trusts in favor of new beneficiaries without revesting anything in himself. In

Burnet v. Guggenheim the settlor is said to have retained complete control of the property for his own benefit and for that reason to have made no gift until he renounced his right to retake possession of the res.

The Gift Tax Act of 1932, § 501 (b), 26 U.S.C.A. § 550 (b), provides that: "The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect." The tax would clearly apply to a trust under which those taking a remainder interest were by its terms contingent. It seems to me to make no difference that the settlor in the present case can shift these interests according to his future will instead of leaving them to be determined by contingencies provided for in the deed of trust.

Subdivision (c) of section 501 of the Gift Tax Act of 1932 (26 U.S.C.A. § 550 note) was a part of the act as originally passed. It provided that:

"The tax shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift."

Subdivision (c) only excluded from taxation property transferred in trust where the settlor had reserved a power to revest title in himself and had not relinquished the power. I think that under that subdivision all other transfers in trust were made by implication subject to gift taxes and came directly within the sweeping language of subdivision (b). While subdivision (c) was repealed by section 511 of the Revenue Act of 1934, 48 Stat. 758, the repeal, according to the Report of the Committee of the Senate and House, was only because "the principle expressed in that section is now a fundamental part of the law by virtue of the Supreme Court decision in the Guggenheim Case." Consequently as a matter of congressional interpretation subdivision (b) is to be read as if subdivision (c) was still a part of the act. In addition to this, the Treasury Regulations interpret the act as reaching such a trust as we have here and the literal terms of the statute seem to justify them.

For the foregoing reasons, I think the judgment ought to be reversed and the complaint dismissed.