**FIRST NAT. BANK OF BIRMINGHAM et al. v. UNITED STATES.**

**SAME v. DAVIS, Collector of Internal Revenue.**

Nos. 4660, 4661.

District Court, N. D. Alabama, S. D.
Jan. 4, 1939.

Bradley, Baldwin, All & White, of Birmingham, Ala., for plaintiffs.

Jim C. Smith, U. S. Dist. Atty., and Erle Pettus, Asst. U. S. Dist. Atty., both of Birmingham, Ala., and Frank Ready, Jr., of Washington, D. C., for the United States.

MURPHREE, District Judge.

These cases involve the refund of gift and estate taxes, respectively, paid by the estate of John L. Kaul, and arise from the taxability of that estate by reason of two trusts created by John L. Kaul during his life time. On December 31st, 1923, John L. Kaul created a trust of property for the benefit of three other persons (his wife and two children) under the terms of which he reserved to himself alone the power to revoke the trust. However, on December 31, 1925, this trust was amended, the power to revoke being modified so that the trust thereafter could be revoked by the grantor only jointly with any one of three named persons who were also the beneficiaries of the trust.

On May 12, 1928, John L. Kaul conveyed into trust other property for the sole benefit of his son, Hugh Kaul.

John L. Kaul died in 1931, at the age of sixty-five years.

The substantial questions presented in case No. 4661 are: (1) Should the corpus of the property included in the trust created on December 31, 1923, as amended December 31, 1925, be included as part of John L. Kaul's estate for the purpose of computing the Federal Estate Tax thereon? (2) Should the amount of the Federal Gift Tax and interest which would be payable at Mr. Kaul's death by reason of the creation and amendment of this same trust be deducted from the gross estate of Mr. Kaul for the purpose of computing the Federal Estate Tax thereon? This question will be determined by deciding whether or not the creation or amendment of this trust subjected Mr. Kaul to the payment of the Federal Gift Tax and as a consequence whether his estate upon his death owed the Federal Gift Tax with interest thereon, so reducing his net estate for the purposes of Federal Estate Tax. (3) Should the value of the corpus of the trust created on May 12, 1928, be included in Mr. Kaul's estate for the purpose of the Federal Estate Tax because it was a gift

in contemplation of his death? (4) Should the amount of the attorney's fees for the prosecution of this litigation for refund, which amount is still in an undetermined sum, be deducted from the gross estate as an expense of the estate, for the purposes of determining the Federal Estate Tax?

The fifth substantial question, presented by case No. 4660, is whether the modification of the trust of December 31, 1923, on December 31, 1925, required the payment of the Federal Gift Tax.

 First, with reference to the question whether the creation of the trust of May 12, 1928, by Mr. Kaul was in contemplation of his death. Considering all of the evidence presented in this case, I am of the opinion that this trust was not created in contemplation of death, within the meaning attached to that phrase by the Federal Estate Tax statute. The case of United States v. Wells, 1931, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867, clearly states the scope of that section of the Federal Estate Tax taxing gifts in contemplation of death. While no finely drawn definition can be stated, it seems that one short test is whether the principal compelling motive of the gift is the donor's expectation of death. This, of course, requires determination of the state of mind of the donor at the time of the gift, which can only be decided by a study of all of the circumstances surrounding the gift and analysis of the form of the gift.

While it is undoubtedly true that Mr. Kaul was ill at the time he created the trust of May 12, 1928, the great preponderance of the other circumstances indicate that expectation of death was not Mr. Kaul's compelling motive in the creation of the 1928 trust. There is no indication that Mr. Kaul was aware that he was critically ill. Most of the symptoms which he experienced in 1928 and thereafter had been with him for many years, and were not such as to cause great pain; neither his family nor his physician ever informed him he was seriously ill.

Two motives are clearly shown by the evidence for the creation of this trust, neither of which was in contemplation of death. First, Mr. Kaul felt a desire to give something to his son Hugh, the beneficiary of this 1928 trust, to compensate for the great expenditures he had already made upon the education and establishment of his other child, Virginia. Second, Mr. Kaul desired to give his son Hugh the op-

portunity to have a part in the management of investments.

■ These two latter purposes were Mr. Kaul's compelling motives in the creation of the 1928 trust, and the court finds it was not created in contemplation of death. In consequence, the value of the corpus of the 1928 trust should in nowise have been included in Mr. Kaul's estate for the purpose of computing the estate tax properly payable.

■ The plaintiff's claim for deduction from the gross estate for the purposes of computing the Federal Estate Tax of the, as yet undetermined, amount of the attorney's fees for this litigation in my opinion must be denied. It is clear that a suit for recovery of overpayments of taxes is allowed against the United States only with the consent of the United States, and where this consent has legal conditions, such conditions must be exactly met. Rock Island, A. & L. R. Co. v. United States, 1920, 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188; Maas & Waldstein v. United States, 1931, 283 U.S. 583, 51 S.Ct. 606, 75 L.Ed. 1285; Cheatham v. United States, 1875, 92 U.S. 85, 23 L.Ed. 561. See The Collector v. Hubbard, 1870, 79 U.S. 1, 12 Wall. 1, 20 L.Ed. 272.

One of the conditions of suit against the United States in a case like the present one is that a refund claim must have been previously filed with the Commissioner of Internal Revenue. Revised Statutes, Section 3226, 26 U.S.C.A. §§ 1672–1673.

■ Such a claim for refund must, naturally, contain specification of facts upon which the claim is made, and one of the most important facts is the amount claimed. See United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025.

■ Since I conceive one chief purpose of the requirement of filing a claim for refund prior to suit to be to give the Commissioner an opportunity to examine the claim and allow it if it is well founded, and this opportunity is not given when—as here—the claim is for an indefinite amount and for a prospective expense not yet accrued or determined, I hold that the claim for refund which was filed by Mr. Kaul's executors was insufficient to allow that part of this suit which makes claim for reduction of the estate by the amount of attorney's fees.

My conclusion is based on the insufficiency and prematurity of the claim for refund and of the claim itself.

■ The remaining questions in these cases concern the declaration of trust, executed on December 31, 1923, and the amendment of it, as of December 31, 1925. As to the liability of Mr. Kaul's estate for payment of Federal Estate Tax computed by inclusion of the corpus of this trust, the case of Helvering v. City Bank Farmers' Trust Company, 1935, 296 U.S. 85, 56 S. Ct. 70, 80 L.Ed. 62, is decisive. That case held that Congress could and did tax as part of the gross estate the corpus of trusts when at the grantor's death the enjoyment of the trust property is subject to change through the exercise of a power to revoke, alter or amend by the decedent alone or in conjunction with any person, even though that person be one of the grantees of the property. The value of the 1923 trust property as of the time of Mr. Kaul's death must be included in the computation of his gross estate for the purposes of payment of Federal Estate tax.

■ As to the liability of Mr. Kaul's estate for payment of the Federal gift tax by reason of the amendment of the 1923 trust on December 31, 1925, there does not appear to be direct judicial precedent. We take it to be well established that the Federal gift and estate tax statutes are to be read in pari materia. See Burnet v. Guggenheim, 1933, 288 U.S. 280, 286–288, 53 S.Ct. 369, 77 L.Ed. 748; See Hesslein v. Hoey, D.C., 18 F.Supp. 169, affirmed 2 Cir., 91 F.2d 954, certiorari denied 302 U.S. 756, 58 S.Ct. 284, 82 L.Ed. 585.

■ In general, therefore, a transfer which is insufficiently complete to relieve the grantor's estate of Federal estate tax thereon, will also be insufficiently complete to subject the grantor or his estate to payment of the Federal gift tax on the transfer. Since the partial release of the power of revocation of the 1923 trust on December 31, 1925, was insufficient to divest Mr. Kaul of control in the practical sense envisaged by the estate tax (see Helvering v. City Bank Farmers' Trust Company, supra), we hold it was insufficient to constitute a transfer subject to the general terms of the Federal gift tax, unless—as the Government here contends—there has been explicit taxation of the relinquishment of the power in the manner employed by Mr. Kaul here. The Government re-

lies upon the wording of Section 501(c) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 245, 26 U.S.C.A. § 550, which Mr. Justice Cardozo, in Burnet v. Guggenheim, supra, at page 283, 53 S.Ct. at page 370, said was "declaratory of the law which Congress meant to establish in 1924." That section is as follows: "The tax shall not apply to a transfer of the property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift."

A careful reading of this section will make it clear that it is not intended and, in fact, does not levy a gift tax because of the amendment of the indenture of trust on December 31, 1925. The effect of this section is to expressly exempt from the Federal Gift Tax transfers "of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom." It does not attempt to state what other sorts of transfers are either subject to the tax or exempt from it. The balance of the statute states in substance that the "relinquishment or termination" of the powers there expressly exempted will be considered a transfer by gift. "Relinquishment or termination" means substantially complete relinquishment or termination, as it is clear that some slight relinquishment would not be sufficient to be held a transfer of the property by gift, as the clear purpose of this last part of said section is to assure the Government that the exemption provided in the first part will not be used as the first step of a method by which both gift and estate taxes might be avoided.

The amendment of the 1923 trust to the extent that the power of revocation could be exercised only jointly with one of the beneficiaries is not taxable by reason of the above named section to any greater extent because of the amendment than if the provisions of the amendment were incorporated in an original instrument on December 31, 1925, and this we hold is not intended to be taxed under the general provisions of the gift tax, and is not expressly included in said section.

Therefore, the claim for refund of the gift tax on the 1923 trust, as amended on December 31, 1925, with interest paid from December 31, 1925, is well founded, and the plaintiffs must prevail in case No. 4660. By the same token, since this gift tax was not due upon Mr. Kaul's death, the defendant must prevail in case No. 4661 as to the plaintiffs' claim for reduction of the estate tax because of deduction of the amount of the gift tax on the 1923 trust as amended from the gross estate.

Findings of facts and orders will be entered in these cases in accordance with this opinion.