COMMISSIONER OF INTERNAL REVENUE v. HART.

No. 6819.

Circuit Court of Appeals, Third Circuit.

July 28, 1939.

James W. Morris, Asst. Atty. Gen., Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., for petitioner.

Thomas Hart, of Philadelphia, Pa., and Thomas G. Haight, of Jersey City, N. J., for respondent.

George L. Denny, of Indianapolis, Ind., amicus curiæ.

Before MARIS and CLARK, Circuit Judges, and KIRKPATRICK, District Judge.

CLARK, Circuit Judge.

This is the kind of case in which decision affords little, if any, intellectual satisfaction. It involves the application of the Act of Congress taxing gifts, 26 U.S.C.A. § 550(b), to the creation of an estate by the entireties. The words of the statute are broad and general, being: "The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible". The legal circumstance is narrow and particular. It is difficult to determine the exact scope of their relationship. That difficulty is apparent in the differing conclusions reached by the various judicial officers passing upon the question.

In the case at bar, a majority of the Board of Tax Appeals have decided that the statute does not impose a gift tax on the creation of a tenancy by the entirety. The views of the dissenting members have, however, been sustained in the Seventh Circuit, Lilly v. Smith, 96 F.2d 341, certiorari denied, 305 U.S. 604, 59 S.Ct. 64, 83 L.Ed. 383. A cognate problem in the construction of the same words (involving gifts in trust with reserved power to alter but not revest in the donor) has been decided favorably to the taxpayer in the Second Circuit, Hesslein v. Hoey, 91 F.2d 954, certiorari denied 302 U.S. 756, 58 S.Ct. 284, 82 L.Ed. 585. The reasoning of this case has recently been approved and applied (under the circumstances, adversely to the taxpayer) in our own Circuit, Sanford v. Commissioner, 103 F.2d 81, decided March 25, 1939, certiorari granted May 15, 1939, 59 S.Ct. 836, 83 L.Ed. 1498. The Hesslein case has also been followed in First National Bank of Birmingham v. United States, D.C., 25 F.Supp. 816; and Humphreys v. Rasquin, 2 Cir., 101 F.2d 1012, certiorari granted May 22, 1939, 59 S.Ct. 1034, 83 L.Ed. 1499. The mystery of the granting and denial of the various writs of certiorari will undoubtedly be resolved in the October 1939 Term of the United States Supreme Court.

There has been greater unanimity among those students of the question not holding public office. Lilly v. Smith, above cited, is endorsed by writers in 51 Harvard Law Review 1120 (note); 47 Yale Law Journal 1213 (note); 37 Michigan Law Review 340 (note); 17 North Carolina Law Review 71 (note). The endorsements are, however, somewhat argumentative, and there are two dissenting voices, 6 Duke Bar Association Journal 85 (note); Montgomery, Federal Taxes on Estates, Trusts and Gifts (1938–39) pp. 381–383. Three of these articles appeared before argument here. Counsel do not seem to attach much importance to them. At least they have not been cited, even though all discuss their efforts in the instant case.

The estate by entireties is an archaic device based upon a fiction of marital unity, "that amiable fiction of the common law", 2 Blackstone, Commentaries 182; 1 Jones' Blackstone 957, note 4, 1915. (we speak legally and not emotionally, although modern tendencies may make the statement seem inclusively true). So each spouse becomes seized of the whole estate from its inception. This concept of unity has been carried to its logical extreme in requiring a straw man to effectuate the conveyance of property from one spouse to himself and his spouse together, Wright v. Knapp, 183 Mich. 656, 150 N.W. 315; Ames v. Chandler, 265 Mass. 428, 164 N.E. 616; 47 Yale Law Journal, above cited. Pennsylvania, however, is either more practical or less logical and permits the creation of a tenancy by the entirety in the manner of the case at bar, In re Vandergrift's Estate, 105 Pa.Super. 293, 161 A. 898; 4 University of Pittsburgh Law Review 184.

The word "transfer" can and has been interpreted from either a technical or an economic aspect. In either view, we think the Treasury Regulation (79, article 2) specifically subjecting the transfer at bar to tax must prevail. The point of time at which the taxable transfer occurs in an estate by the entirety can be either at the time of its creation or at the time of the spouse's death. The selection of one or the other both can and has been met on either a technical or an economic basis. The title, in a strictly legal sense, passes to both spouses, per tout et non per my, at the time of the estate's creation, Lang v. Commissioner, 289 U.S. 109, 53 S.Ct. 534, 77 L.Ed. 1066; 1 Washburn, Real Property, 6th Ed., 912; 37 Michigan Law Review, above cited, 4 University of Pittsburgh Law Review, above cited. Thus in terms of conveyancing: " * * * in examining the transfer of a full fee simple title to the 'marital unit', one would consider the wife's acquisition a legal interest in land secured at the inception of the estate. At that time, her interest, which would be technically complete and protected by law,

would be equal in all respects to her husband's and, as such, would be a fit subject for a gift tax, despite the possibility of her accession to greater economic rights at her husband's death". 17 North Carolina Law Review 71, 73. As foreshadowed in the last sentence, it is not usually necessary to resort to any such "conceptualistic" justification to uphold the tax, 37 Michigan Law Review, above cited, at 341.

It is true that the wife's "use interest" does not compare in economic significance with the rights accruing to her at her husband's death. Nevertheless, in the usual case that interest is substantial, 17 North Carolina Law Review, above cited; 30 C.J. 568. The benefits will, of course, vary with the jurisdiction. It happens that Pennsylvania goes further in the direction of chivalry than most states, 47 Yale Law Journal, above cited. The wife possesses the property, McCurdy v. Canning, 64 Pa. 39, shares in its rents and profits, Gasner v. Pierce, 286 Pa. 529, 134 A. 494, and may prevent its attachment for other than joint debts, In re Meyer's Estate, 232 Pa. 89, 81 A. 145, 36 L.R.A.,N.S., 205, Ann. Cas.1912C, 1240. See generally, 4 University of Pittsburgh Law Review, above cited; Madden v. Gosztonyi Savings & Trust Co., 331 Pa. 476, 200 A. 624, 117 A. L.R. 904; Werle v. Werle, 332 Pa. 49, 1 A. 2d 244.

It will be noticed that we have twice employed the word "usual" in various forms. It is appropriate to use its antonym and speak of the exceptional rule at common law and in two American states, Massachusetts and North Carolina. There a wife can claim no more than a mere expectancy and the husband has exclusive control of the income and profits, Raptes v. Pappas, 259 Mass. 37, 155 N.E. 787; Lewis v. Pate, 212 N.C. 253, 193 S.E. 20. In these jurisdictions, the wife's interest is truly based on refinements of title and, speaking economically, is frozen. By the same token, a case arising therefrom would compel the government and the courts to choose between the two theories of title and benefit. Equally, a Pennsylvania estate by the entirety meets the requirements of both and enables us to avoid the embarrassment of a declaration.

The Board of Tax Appeals in dealing with income tax has taken the "economic benefit" position, 47 Yale Law Journal, above cited; Paul and Mertens, The Law of Federal Income Taxation, section 14.04.

It has held that income is returnable only by the husband in states where the common law rule prevails, Robert C. Cooley v. Commissioner, 27 B.T.A. 986, affirmed Cooley v. Commissioner, 1 Cir., 75 F.2d 188. In other jurisdictions it has allowed the income to be split between the spouses, John H. Hart v. Commissioner, 27 B.T.A. 528, affirmed Commissioner v. Hart, 6 Cir., 76 F.2d 864; George E. Saulsbury v. Commissioner, 27 B.T.A. 744; Daniel Upthegrove v. Commissioner, 33 B.T.A. 952. These rulings seem to us inconsistent with that of the case at bar. The same inconsistency appears to us to be reflected in the decisions of the Supreme Court, Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L. Ed. 991, 69 A.L.R. 758; Burnet v. Guggenheim, 288 U.S. 280, 53 S.Ct. 369, 77 L.Ed. 748; Gwinn v. Commissioner, 287 U.S. 224, 53 S.Ct. 157, 77 L.Ed. 270; Saltonstall v. Saltonstall, 276 U.S. 260, 48 S.Ct. 225, 72 L.Ed. 565; Coolidge v. Long, 282 U.S. 582, 51 S.Ct. 306, 75 L.Ed. 562; Helvering v. Bullard, 303 U.S. 297, 58 S.Ct. 565, 82 L. Ed. 852; United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763, decided February 27, 1939.

The argument against taxability seems legislative rather than legal, and accordingly more properly addressed to the Congress than to the courts. It is pointed out, first, that the valuation of the tax depends upon the unsatisfactory calculations of mortality tables, second, that if the donee spouse predeceases her grantor, no estate tax credit can be taken and, third, that even where credit can be taken, it does not permit of full recoupment. One of these what might be called "practical objections" does not seem sound. Mortality tables have been the legal and economic method of valuing expectancy for many years. They are based on a recognized mathematical principle of probabilities. Those who are interested in tracing the application of that principle to the precise circumstance herein may do so by consulting Wolfe, Inheritance Tax Calculations, at pp. 38 and 76. If there is any unfair limitation on credit, it is only as to interest, 51 Harvard Law Review 1120, 1121. The statutes do read as if in cases where the donee has predeceased the donor and the property has reverted to the donor, the credit could not be availed of upon the subsequent death of the donor for the purposes of his estate tax, 44 Stat. 70 (1926), as amended by 47 Stat. 278 (1932), 26 U.S.C.A. § 413(a) (2) (1934) (1926 estate tax); 47 Stat. 245

(1932), 26 U.S.C.A. § 536(b) (1934) (additional estate tax of 1932). Both injustices, if they are such, can and should be removed by Congress, not by us.

The decision of the Board of Tax Appeals is vacated and the case is remanded to that Board for further proceedings not inconsistent with this opinion.