## COMMISSIONER OF INTERNAL REVENUE v. McLEAN.

## McLEAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10086.

Circuit Court of Appeals, Fifth Circuit.

April 23, 1942.

L. W. Post and J. Louis Monarch, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for Commissioner of Internal Revenue.

L. J. Benckenstein, of Beaumont, Tex., for Marrs McLean.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

These are appeals from a decision and opinion[1] of the Board re-determining deficiencies in gift taxes for the years 1933 and 34, and awarding relief which, while giving the commissioner largely the best of it, fully satisfied neither taxpayer nor commissioner. Rejecting taxpayer's contention that, as to both years, the transfers in trust, executed simultaneously by husband and wife, were made in consideration of each other and were therefore made for adequate and full consideration in money and monies worth, the Board found that the 1933 transfers were completed gifts and taxable as such. But as to the 1934

---

[1] 41 B.T.A. 1266.

transfers, it found that because the grantor had retained a possibility of reverter there was no completed gift and on the authority of Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368; Sanford's Estate v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20, it rejected the commissioner's view, that the transfers by petitioner and his wife were gifts, and his determination of deficiencies accordingly, and if the taxpayer had not already returned and paid a gift tax on these transfers taxpayer would not have gotten much the worst of the decision.

Taxpayers, however, had already returned and paid gift taxes for 1934 on a valuation of $218,904.12 and $217,751.12, respectively, and the ruling of the Board;[2] that their petitions for redetermination put in issue only the increase in amount to $222,310.37 and $221,157.36 respectively, and not their right to a refund; and that their claim for refund had been filed too late, had in effect the net result of denying taxpayer relief as to the overpayment and relieving him only from paying taxes on the small increase in value the Commissioner found.

Here, taxpayer, agreeing that there was no completed gift in 1934, insists that the Board was wrong in holding that the 1933-34 transfers in trust were not for a consideration in money or monies worth, and it was wrong too in denying refund of the gift taxes it had overpaid in 1934.

The Commissioner on his part while agreeing with the Board's findings that the 1933 and 34 transfers were not for a consideration in money or monies worth, and that the taxpayers claim for refund was filed too late, insists that the Board was wrong in holding that the 1934 transfers in trust were not completed gifts.

The issues were submitted to the Board on a stipulation to which was attached the transfers in trust which are in question here. Neither in the transfers nor in the stipulation is there any statement that the transfer by petitioner was in consideration of the transfer by his wife or vice versa. Nor is there any evidence from any source that the transfers in trust were other than donative in intent and in effect. Taxpayer may not by merely pointing to the fact that; the trusts were created at the same time; were in equal amounts; and contained reciprocal provisions, claim a discharge of the burden resting on him to show that the transfers were made in consideration of each other. The Board well said: "If any agreement existed between the petitioners for the creation of the trusts and for the transfers, that fact would be best known to them and they should have proved it," and we are therefore in agreement with the ruling that the 1933 and 1934 transfers were not upon consideration but were donative, we are in complete agreement with it too as to the deficiencies for 1933. With its conclusion however that the 1934 transfers while donative in intent were because of the retained possibility of reverter incomplete as gifts and therefore without gift tax consequences, we cannot at all agree. We think it clear that the provisions of the trust instruments as correctly summarized by the Board in its opinion,[3] effected as to the donor, a taxable gift to the extent and value of the estates and interests in the property then trans-

[2] This ruling came about in this way. After the coming down of the Board's opinion that the 1934 gifts were not taxable, the Board, on the Commissioner's motion, declared that only the deficiencies resulting from the increase in amount were put in issue by the pleading, (the petition filed October 30, 1937, the answers filed November 26, 1937), and that in no event may an overpayment be determined. Thereafter petitioner, on February 7, 1941, with leave amended his petition to allege that the taxes in controversy are the asserted deficiencies plus the taxes paid for 1933 * * *, for 1934, $14,-559.32, and prayed for refund of the overpayment. The Board again declaring that the issue was not raised on the petition nor in the cause until by stipulation, on January 23, 1939, when it was too late, and that the amendment came too late, (Section 809 (b), Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1152), denied the claim for refund.

[3] Each of the trust instruments executed on December 29, 1934, directed the trustee to accumulate and reinvest the trust income for a period of ten years, or until the death of the settlor, whichever occurred first, upon the happening of which the trustee was authorized to pay to the settlor's spouse, for life, all, part, or none of the annual net income of the trust, at that spouse's election. The trust corpus, plus any accumulated income, was to be distributed, upon the death of the life beneficiary, to Ruth McLean, the petitioner's daughter, according to a certain plan, and the trust terminated. If Ruth McLean predeceased

ferred, and that the reservation by grantor of the possibility of reverter had no effect upon the completeness but only upon the value of the gift. We will therefore, without piling Pelion on Ossa, or vieing with Frank[4] in ancient or Clark[5] in modern, learning, or with either in erudition, general or particular, content ourselves with saying so. For, since Sanford and Hallock, supra, came down to confuse and confound followers and expounders of gift tax law, the voices of both board members and circuit judges are merely voices crying in the wilderness, and perhaps until the Supreme Court has spoken authoritatively on the question they would do best to decide the questions posed with as little bewordling and as few reasons as possible. Cf. Paul Federal Estate and Gift Taxation, Chapters 7 and 17.

Upon the question of its value the Commissioner contends that the entire value of the property dealt with in the transfers is includable as taxable gifts for 1934, either because the possibility of reverter was too remote to justify placing any value on it or, as was the case in Hughes v. Commissioner, 9 Cir., 104 F.2d 144, because its value was not shown.

■ With the first contention that the possibility of reverter was too remote to be valued we cannot agree, and there is even less merit in the second contention, that because it was not valued in the proofs, the Commissioner's valuation of the whole property must prevail in the face of our finding that the gift was not of the whole of it.

■ The Board stating "perhaps the transfers effected completed gifts of some estates less than a fee," correctly stated "the [Commissioner's] determination was not made on that basis, the values necessary to any such determination are not in the record and no such issue is suggested by the parties". The Commissioner, having valued the property on a different theory, may not ask that the value he gave to it without regard to the reservation, be taken as its value, giving due regard thereto.

The judgment of the Board while affirmed as to the 1933 taxes will be reversed as to those for 1934 and the cause as to those taxes will be remanded to it with instructions to value the estates transferred by the 1934 gift in trust, and redetermine the deficiencies accordingly.

HOLMES, Circuit Judge, concurs in the result.

---

the life beneficiary without leaving issue, then the entire trust estate was to be delivered to the life beneficiary, but if she predeceased the life beneficiary leaving issue, then such issue were entitled to the remainder interest in the trust upon the death of the life beneficiary. However, if none of such issue survived the life beneficiary, or if Ruth McLean, predeceased by the life beneficiary, left no children or grandchildren surviving her, then the trust estate was to revert to the settlor, if he or she be living, unless Ruth McLean should leave a will disposing of the trust estate, in which event the trust estate was to go as her will directed. Finally, the trust instruments contained identical provisions, except as to the names of the parties, as follows:

The terms and conditions of this trust can be amended by the joint action in writing by Verna Hooks McLean (Marrs McLean), the trustee and the settlor before Ruth McLean attains the age of twenty-one years, but after Ruth McLean attains the age of twenty-one years, then this trust can be amended only by the joint action in writing by Ruth McLean, the trustee, Verna Hooks McLean (Marrs McLean), if she (he) is not deceased, and the settlor, if he (she) is not deceased, provided, however, in no event can any amendment be made at any time that will cause any part of the funds in this trust to be paid to or revert to the use and enjoyment of the settlor, as it is the intent of the settlor and the essence of this trust that the settlor has irrevocably divested himself (herself) of all interest in this trust estate and he (she) is at no future time to have any interest in the trust estate or its income except the reversionary interest herein provided, and provided further that no amendment prior to her attaining the age of twenty-five (25) years shall change the effect of this trust, viz., that Ruth McLean is to receive all of the principal sum or corpus of this trust, regardless of any change that may be made in the disposition of the income.

[4] Commissioner of Internal Revenue v. Marshall, 2 Cir., 125 F.2d 943.

[5] Helvering, Commissioner, v. Robinette, 3 Cir. Rehearing granted.