GOODWIN et al. v. McGOWAN, Collector of Internal Revenue.

Civil No. 657.

District Court, W. D. New York.

Nov. 9, 1942.

Goodwin, Nixon, Hargrave, Middleton & Devans, of Rochester, N.Y., for plaintiffs.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and James P. Garland, Sp. Assts. to Atty. Gen. (George L. Grobe, U. S. Atty., of Buffalo, N.Y., of counsel), for defendant.

KNIGHT, District Judge.

Henry A. Strong died on July 26, 1919, leaving a will in which, among other things, he created a trust of one-fourth of the residue of his estate, the income of which was to be paid to his wife, Hattie M. Strong, during her life time, and upon her death the trustee was directed to "pay over one-fourth. (1/4) of said part to my son, Henry Griffin Strong, if he be living and if not living, then to such of his children as shall be living at the time of the death of my said wife, Hattie M. Strong." Henry Griffin Strong died on August 13, 1919, or less than one month after the death of his father. Two children survived him: Alvah G. Strong, who is still living, and Pritchard H. Strong, plaintiff's testator, who died August 27, 1937. Hattie M. Strong survived Pritchard H. Strong. On August 15, 1935, Pritchard H. Strong entered into a trust indenture with the plaintiff, Lincoln-Alliance Bank and Trust Company, as trustee, by the terms of which he purported to irrevocably transfer all of his right and interest in the trust created by the will of the said Henry A. Strong in the remainder of his residuary estate, to said trustee, with directions to pay the net income therefrom to the daughter of the settlor, Ann E. Strong, for life (subject to certain limitations in case Hattie M. Strong died before Ann E. Strong became twenty-one years of age), and the remainder of the proceeds from the aforesaid trust under the will of Henry A. Strong, deceased, the trustee was directed to pay to the heirs of Ann E. Strong, deceased, per stirpes, and this also was subject to the right of the daughter after becoming twenty-one years of age to will the remainder. There are other details of the trust agreement modifying the provisions aforesaid in certain respects. In view of the fact that the trust executed by Pritchard H. Strong was irrevocable, other particular details of the terms of the trust have no significance here. The single question is whether he had an interest of value in property which is taxable which was transferred by his trust agreement.

The value as commuted of the one-eighth interest in question here, based on the life tenant's age of 72 years, when the trust became effective, was $485,427.27. Pritchard H. Strong paid a gift tax of $41,582.59, computed on such interest in accordance with Art. 19(7) of Reg. 79 of the Treasury Department. Plaintiff thereafter filed a claim for a refund of the tax so paid, upon the ground that there was no completed gift in 1935 and that the gift was never completed, or in other words that Pritchard H. Strong had no interest which could be made the subject of a tax.

The plaintiff sues to recover the tax so paid on the ground stated in the claim. The government answers that Pritchard H. Strong had a "property" interest in the estate of Henry A. Strong, deceased, at the time when the trust was executed by Pritchard H. Strong and that such interest is taxable. The question presented is the application of Section 501 of Title 3 of

the Revenue Act of 1932, Chap. 209, 26 U.S.C.A. Int.Rev.Acts, page 580.

Section 501, supra, among other things, in 1935, provided that: "(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. (b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *. The tax shall not apply to a transfer made on or before the date of the enactment of this Act." In the reports submitted to Congress preceding the enactment of the section into law we are told that "property" as therein used reaches every species of right or interest provided by law and having an exchangeable value.

The government relies principally on the case of Commissioner v. Marshall, 125 F. 2d 943, 944, 141 A.L.R. 445, decided in this Circuit on February 3, 1942. There the taxpayer (settlor) established an irrevocable, separate trust for two daughters, in which the income of each was to be paid to each daughter and the principal was to be distributed to the settlor at the death of the daughter if the settlor were then living, but if not, to her children or their issue per stirpes. The Court held that "the value of the contingent remainders to the grantor's children and their issue was properly includible in determining the taxpayer's taxable gift * * *."

The decision in the following cases are in harmony with that in Commissioner v. Marshall, although the precise question here was not involved.

In Commissioner v. McLean, 5 Cir., 127 F.2d 942, under a trust agreement which provided for payment of annual income to the spouse, with the remainder to a daughter, but that in case the daughter predeceased the spouse and left no surviving children or grandchildren, the trust to revert to the settlor, if the daughter left no will disposing of her interest, it was held that the possibility of a reverter was not too remote to be valued tor gift tax purposes and that a taxable gift to the value of the interest then transferred was effected as to the settlor.

In Higgins v. Commissioner, 1 Cir., 129 F.2d 237, 238, 242, certiorari denied Oct. 12, 1942, 63 S.Ct. 57, 87 L.Ed. ——, taxpayer in 1920 created two trusts for the benefit of two children. Each trust was to continue till the death of the child and thereafter till every child of the child reached the age of 21 or died. At the termination of each trust, the principal was to be distributed pro rata between surviving children and issue of any then deceased child. The trust also had a proviso that in default or failure of any issue of the child, the trust fund was to revert to settlor or his estate. The Court there said: "It is further argued by the taxpayer that the relinquishment by Mr. Higgins of his reserved powers on March 10, 1938, cannot be held to be a 'transfer * * * of property by gift' within the meaning of the Act because after such relinquishment no one of the beneficiaries was any more assured of getting anything than he was before * * *. But the gift tax is imposed upon the transfer of the donor, not upon the receipt by the donees. * * * This demonstrates that certainty or uncertainty of benefit from the standpoint of the donees is not the test of the incidence of the gift tax."

It seems that Pritchard H. Strong had the same sort of interest in the estate of his grandfather that the granddaughter's children and their issue had in the Marshall case. The Court there said that these children and their issue derived something of value in the trust that was taxable under the gift tax law. The interest of Pritchard H. Strong was a "vested interest subject to complete defeasance," (Restatement of the Law of Property, Vol. II, p. 554), as was that of the contingent remaindermen in the above cited cases. It seems to follow that Pritchard H. Strong in executing the trust made a gift of an interest in property of value to the beneficiary and the remaindermen therein named. That interest had a value. It is of no moment that the interest did not ripen into a possessory interest. "The tenuousness of the interest is not a bar to transferability even though it had been unpredictable that it would become possessory." Restatement, supra, p. 95. The tax was fixed as of the date of the execution of the trust agreement. This expression of the Court in Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 292, 73 L.Ed. 647, is pertinent: "Therefore the value of the thing to be taxed must be estimated as of the time when the act is done. * * * Like all values, as the word is used by the law, it depends largely on more

or less certain prophecies of the future, and the value is no less real at that time if later the prophecy turns out false than when it comes out true."

The plaintiffs base their position on the claim that under the terms of the will of Henry A. Strong, deceased, the remainder of the trust after the death of Henry Griffin Strong was payable to a class but that such class was only determinable on the death of the life beneficiary and, therefore, Pritchard H. Strong could have no property to give away or to place in trust when his trust was executed. It is not believed that this is a correct statement of the law applicable here. Plaintiffs cite Matter of Crane, 164 N.Y. 71, 58 N.E. 47, 49, but in that case Briggs, like Pritchard H. Strong, had, as heretofore stated, a "vested interest subject to defeasance." The interest of Briggs never became fully vested. So with Pritchard H. Strong. Indeed, the Court there said: "The interest of the beneficiaries in the trust estate was contingent until the death of the testator's wife." The death of Briggs, as that of Pritchard H. Strong, cut off any contingent interest. The plaintiffs cite Sanford's Estate v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20. The effect of the decision in this case has been frequently considered. The question determined there was that in a trust where the grantor retained the right to change remaindermen a taxable gift was not created. The decision has no relevancy here.

The trust agreement herein purports to transfer a vested interest in the grandfather's estate. It is true, as plaintiff asserts, that this does not establish that the settlor then had any interest in property of value. This is to be determined from the will itself. The fact that this trust agreement was made may have some bearing upon the question of whether the grantor in making the trust had some purpose in mind which might benefit him or his own estate.

In the effort of Congress to tap many new sources of revenue to meet increasing costs of government, confusion naturally has arisen as to the meaning and effect of the tax statutes relating to incomes, estates and gifts, and conflict of opinions in the courts voices this confusion and uncertainty. The instant case is an extreme one and presents a rather anomalous situation. Here Pritchard H. Strong paid

a tax on something he never received. He paid it out of his own funds and not out of the trust estate. It could not be regained.

It was said in Hesslein v. Hoey, 2 Cir., 91 F.2d 954, 956: "A statute should be construed so as to avoid unnecessary hardship when its meaning is uncertain." Were it not for the decision in the Marshall case, I should give the plaintiffs the benefit of a doubt. It was suggested in Commissioner v. McLean, supra, it is "best to decide the questions posed with as little bewording and as few reasons as possible." [127 F. 2d 944.] Perhaps too much has already been said.

The complaint may be dismissed with costs.

Findings of Fact and Conclusions of Law are herewith submitted to be construed as a part of this decision.