**SAFE DEPOSIT & TRUST CO. v. TAIT, Collector of Internal Revenue.**

(District Court, D. Maryland. December 19, 1923.)

1. **Internal revenue ⬅2—Statute held not invalid as retroactive.**

   Revenue Act 1918, § 402, subd. "c" (Comp. St. Ann. Supp. 1919, § 6336¾c), providing that the gross estate of a decedent shall include the value at the time of death of property transferred, or as to which he has created a trust in contemplation of or to take effect on his death, *held* not unconstitutional, because it includes transfers or trusts made before as well as after the passage of the act.

2. **Husband and wife ⬅14(2)—Conveyances on trust held not to create a tenancy by the entirety.**

   Deeds by which a husband and wife each conveyed property to a common trustee, each to receive the income from the property conveyed by him or her during life, with remainders over, *held* not to create a tenancy by the entirety.

3. **Internal revenue ⬅2—Statute held not retroactive.**

   Revenue Act 1918, § 402, subd. "d" (Comp. St. Ann. Supp. 1919, § 6336¾c), subjecting an interest in a tenancy by the entirety to tax, is not retroactive, and applies only to interests created after its passage.

4. **Husband and wife ⬅14(2)—"Tenancy by the entireties" defined.**

   A "tenancy by the entireties" is created by a conveyance to husband and wife, whereupon each becomes seized and possessed of the entire estate, and after the death of one the survivor takes the whole.

5. **Internal revenue ⬅8—Contemporaneous conveyances of property by husband and wife in trust held not "sales."**

   Deeds by which a husband and wife each conveyed property to a trustee, each to receive the income from the property conveyed by him or her during life, with remainder over, *held* not bona fide "sales" for a consideration, within the exception in Revenue Act 1918, § 402, subd. "c" (Comp. St. Ann. Supp. 1919, § 6336¾c), but to create trusts in contemplation of death.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sale.]

At Law. Action by the Safe Deposit & Trust Company, executor of Talbot J. Albert, deceased, against Galen L. Tait, Collector of Internal Revenue for the District of Maryland. On demurrer to declaration. Demurrer sustained.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Randolph Barton, Jr., and Malcolm H. Lauchheimer, both of Baltimore, Md., for plaintiff.

Amos W. W. Woodcock, U. S. Atty., of Baltimore, Md., for defendant.

SOPER, District Judge. This case arises on the demurrer of the United States to the suit of the executor to recover back the sum of $3,095.26 paid by it under protest to the United States as a tax on the estate of Talbot J. Albert, under the Revenue Act of 1918, which became effective February, 1919. Mr. Albert died March 18, 1919. The Commissioner of Internal Revenue included in the net estate, upon which the tax was computed, property covered by a deed of trust executed in 1911 and by certain additions thereto in 1917 and 1918.

The first deed was executed by Albert and his wife, each of whom conveyed certain properties to the trust company; the value of the property conveyed by Albert was $166,944.28, and of Mrs. Albert, $137,500. Three subsequent grants of property by Albert to the trustee upon the same trusts brought the total of his contributions to $215,868.15. The deed provided that the income from the property transferred by Albert should be paid to him for life, and that from the property transferred by Mrs. Albert to her for life; the income from all of the property, at the death of either, to be paid to the survivor for life, with certain remainders over. The trust was irrevocable, except by joint consent, and the powers of sale and reinvestment of property, vested in the trustee, could only be exercised with the approval of both grantors, during their joint lives. The assessment is claimed to be unlawful on three grounds:

[1] First. It is claimed that section 402, subd. "c," of the act (Comp. St. Ann. Supp. 1919, § 6336¾c), which in terms applies to transfers made before or after the passage of the act, is unconstitutional, as retroactive. This question has been passed upon by the Circuit Court of Appeals for the Sixth Circuit in the case of Shwab v. Doyle, 269 Fed. 321. This decision refers to the act of 1916, which the court interpreted to apply to transfers made before as well as after the passage of the law. The decision was reversed by the Supreme Court of the United States in Shwab v. Doyle, 258 U. S. 529, 42 Sup. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454, on the sole ground that the Circuit Court of Appeals had misinterpreted the act, and that the act was not intended to apply to transfers made prior to its passage. There was no intimation that the argument of the Circuit Court of Appeals as to the unconstitutionality of the act, if retroactive, was unsound. The decision of the Circuit Court of Appeals justifies the conclusion in this case that section 402, subd. "c," of the act of 1918 is not unconstitutional because it includes transfers or trusts made either before or after the passage of the act.

[2, 3] Second. It is contended that the deed of trust created an equitable tenancy by the entirety in Mr. and Mrs. Albert. The decision of Shwab v. Doyle, 258 U. S. 529, 42 Sup. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454, is conceded by the government to be decisive, if such a tenancy was created. Since section 402, subd. "d," subjecting

such an interest to the tax, has no clear statement to the effect that it applies to tenancies created before the act, it must be held to apply only to those created after the act.

[4] A tenancy by the entireties is created by a conveyance to husband and wife, whereupon each becomes seized and possessed of the entire estate, and after the death of one of the survivor continues to take the whole. No special form of words need be used. On the other hand, such a tenancy is not created if the terms of the conveyance evidence a contrary intention. The deed in this case did not convey the whole estate to husband and wife. It conveyed the husband's property in trust to pay him the income therefrom for life, and the wife's property similarly for her benefit. Each did not become seized of the whole estate. The deed gave them certain joint powers of revocation and supervision of investments, but no other joint interest.

Masterman v. Masterman, 129 Md. 167, 98 Atl. 537, is cited as authority for the proposition that a joint interest in income is not an incident of a tenancy by the entireties, but the case merely decided that because of the Married Women's Act (Code Md. art. 45, §§ 1, 2), the husband is no longer entitled as at common law, to the whole income of such a tenancy. The conclusion is that the deed did not create a tenancy by the entireties.

[5] Third. It is also claimed that the tax was improperly collected under section 402, subd. "c," because, although this section applies to transfers in respect to which a trust is created, or which are made in contemplation of death, or intended to take effect in possession at or after death, there is the following exception: "Of a bona fide sale for a fair consideration in money or money's worth." It is urged that the conveyance by Albert to the trustee of his property upon the trusts therein named, and the similar conveyance of his wife of her property, were executed each in consideration of the other, in such a way as to amount to a bona fide sale for a fair consideration. It may be said from one viewpoint that the conveyances were not absolutely without consideration, as is usually the case in transfers made in contemplation of death; but, even in such case, it can hardly be said that the circumstances constituted a bona fide sale for a fair consideration. There was no attempt on the part of either husband or wife to exact each from the other a fair price for their respective conveyances. The property conveyed by Mr. Albert in 1917 was considerably in excess of the value of that conveyed by Mrs. Albert. In 1917 and 1918 he conveyed additional property worth $48,923.87, without pretense of consideration. The transaction was not a sale. It was a family arrangement, for the disposition of the property of husband and wife, for the benefit and protection of themselves and their children, and savored far more of a testamentary distribution than of a bargain and sale.

The demurrer will be sustained.