## LATTY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6085.

Circuit Court of Appeals, Sixth Circuit.
Jan. 16, 1933.

J. T. Scott, of Cleveland, Ohio (M. B. & H. H. Johnson, of Cleveland, Ohio, on the brief), for petitioner.

J. H. McEvers, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, D. A. Moncure, C. M. Charest, and Arthur Carnduff, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

This cause involves a question of construction of section 303 of the Internal Revenue Act of 1924, c. 234, 43 Stat. 253 (26 US CA, § 1095 note), pertaining to the estate tax, which section provides in part as stated in the note.[1]

Samuel D. Latty, of Lakewood, Ohio, died testate on January 31, 1926, leaving surviving him his widow, Lillian T. Latty, and a daughter by a previous marriage, Helen Marie Latty Jackson. Under date of December 1, 1923, the testator had entered into a written contract with his daughter whereby, in consideration of her agreement to make no claim or demand against him during his life, or against his estate after his death, for support, maintenance, or distribution to her as an heir at law, and not to contest any last will and testament which he might leave, he agreed to create a trust in the sum of $50,000, either inter vivos or upon his death, and, pending the creation of such trust, to pay to her $2,500 per year as income thereon, or 5 per cent. on the agreed principal amount. The terms upon which this trust fund was to be held are not of importance here, and it is sufficient to say that the agreement provided for a typical spendthrift trust; Mrs. Jackson to receive the income during her lifetime and being given a power of appointment by last will and testament as to the principal. From the date of this agreement to the date of his death, the father punctually paid the stipulated income to his daughter, but failed to make any provision by his will for the creation of the trust. After his death, the executrix of his estate paid to Mrs. Jackson the sum of $53,381.55 in purported compliance with the terms of the agreement of December 1, 1923, and the sole question here involved is whether, in computation of the estate tax, the executrix is entitled to the deduction of this sum from the gross estate as a claim "contracted bona fide and for a fair consideration in money or money's worth" under the section above quoted. The deduction was denied by the Board of Tax Appeals, and the executrix brings her petition to review the decision of that board.

Assuming, as the Board of Tax Appeals did, but not deciding, that the contract between the decedent and his daughter was supported by adequate consideration, and was valid, and that it created mutual obligations, we are of the opinion that it was in fact and in substance an agreement upon the father's part to make a bequest for the use of his daughter, and that as such it was a claim to a distributive interest in the estate and not a claim against the estate within the meaning of section 303. In Briscoe v. Craig, 32 F. (2d) 40, 42, this court held that, if the widow allows all the property left by the deceased to pass as a part of his estate, then, regardless of the fact that an adverse dower interest might have been asserted, the entire property does pass as a part of the deceased's estate and as such is taxable. In speaking of the rights in personalty acquired by a widow in the event of her election not to take under the will, we also said: "They are not claims against the estate, but only interests in the net estate, and thus not adverse to the estate as a whole. In this, they are unlike dower rights

---

[1] Sec. 303. "For the purpose of the tax the value of the net estate shall be determined—(a) In the case of a resident, by deducting from the value of the gross estate—(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property * * * to the extent that such claims, mortgages, or indebtedness were incurred or contracted bona fide and for a fair consideration in money or money's worth * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered."

which have priority over the claims of creditors." To substantially the same effect, see Jacobs v. Commissioner, 34 F.(2d) 233 (C. C. A. 8), and Schuette v. Bowers, 40 F.(2d) 208 (C. C. A. 2). It is true that the father was at liberty to make conveyance of this trust fund at any time prior to his death, but this was not done. Had it been done, the question would then have been presented whether the subject of such conveyance should be included in the gross estate as a transfer made in contemplation of death and not the subject of "bona fide sale for a fair consideration in money or money's worth," under section 302 (c) of the Revenue Act of 1924 (26 USCA § 1094 note). Safe Deposit & Trust Co. v. Tait, 295 F. 429 (D. C. Md.); Phillips v. Gnichtel, 27 F.(2d) 662 (C. C. A. 3). This question does not here arise, but the cases cited may throw light upon the meaning of the words "in money or money's worth," considered below.

It is also true that, if the contract be supported by adequate consideration and valid, and if it be further regarded as creating an obligation on the part of the father to establish the trust estate either during his lifetime or by his will, Mrs. Jackson might have asserted a cause of action for breach of contract in the event of the death of her father without having made such testamentary provision. Had such a course been pursued, it is possible that the claim might have been considered as adverse to the estate as a whole and as deductible. This we need not decide. It is enough that the claim was not so asserted or adjusted, and that Mrs. Jackson received the sum paid to her, not as damages, but as her agreed distributive interest in her father's estate and as if upon specific performance of his contract. Under these circumstances we think that Briscoe v. Craig, supra, and Schuette v. Bowers, supra, both disallowing deduction for dower where the widow took under the will and the dower rights were not asserted as such, preclude allowance of the deduction in the instant case.

The soundness of the above-stated conclusion is emphasized, we think, when we consider the purpose and effect of the addition to the analogous section of the 1921 act (42 Stat. 278, § 402 (c) of the clause permitting the deduction of claims against the estate only to the extent that such claims were "incurred or contracted bona fide and for a fair consideration in money or money's worth." Possibly the reason why this clause has not been specifically the subject of judicial construction is that its meaning seems fairly apparent to the ordinary intelligence. In the present case we are not so much concerned with whether there was a "fair" consideration, although it might be somewhat difficult to say just what legal right Mrs. Jackson relinquished by her contract, as we are with whether the consideration moving to the father may rightly be considered as a consideration "in money or money's worth." There are instances in which it is practically impossible to say that a fair consideration is not to be regarded as a consideration in money or money's worth (cf. Ferguson v. Dickson, 300 F. 961 [C. C. A. 3], involving a contract in consideration of marriage), but we think that ordinarily these words must be construed to evidence an intent upon the part of Congress to permit the deduction of claims only to the extent that such claims were contracted for a consideration which at the time either augmented the estate of the decedent, granted to him some right or privilege he did not possess before, or operated to discharge a then existing claim, as for breach of contract or personal injury.

When the 1924 act was reported by the Ways and Means Committee in the House of Representatives (H. R. 179, 68th Congress, 1st Session, p. 28), the analogy was drawn between the exception of a sale under section 402 (c) of the 1921 act (section 302 (c) of the Act of 1924), relating to transfers made in contemplation of death, and the claims permitted to be deducted under section 303 then being considered. It was stated that "on principle the same limitation should be applied here and the proposed amendment is designed to effect this result." It has also been held with reference to section 402 (c) of the 1921 act and section 302 (c) of the 1924 act that those transactions which are supported by a good consideration, but which nevertheless are purely testamentary in their nature and effect, are not sales for money or money's worth within the intent of the act. See Phillips v. Gnichtel, supra, and Safe Deposit & Trust Co. v. Tait, supra. A "sale" implies the receipt "of money or money's worth" as the purchase price of that conveyed—the continued maintenance of the estate of the vendor at approximately its pre-existing value. A testamentary disposition is in the nature of a bounty and the antithesis of a sale. We think that the same line of demarcation must apply here, and, if the purpose of the parties was that the subject of the contract might pass as a part of the estate and be made a matter of testamentary disposition, and it did so pass or was so treated, the claim

is not to be regarded as founded upon a consideration "in money or money's worth."

For the reasons above stated, the petition to review is dismissed.