1398

THE COLONIAL TRUST COMPANY, EXECUTOR OF THE ESTATE OF THOMAS I. WALKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87395. Promulgated December 15, 1938.

*Alfred C. Frodel, Esq.,* for the petitioner.

*Daniel A. Taylor, Esq.,* and *Wm. G. Ruyman, Esq.,* for the respondent.

# 1400

OPINION.

DISNEY: The petitioner contends that the decedent and his wife held their interests in the corpus of the trust as tenants in common and that only one-half of the value of the principal of the trust estate is includable in the decedent's gross estate. The respondent's contention is that the decedent and his wife held their beneficial interests in the estate as joint tenants and that 89.53 percent of the value of the corpus is taxable as part of the gross estate of the decedent. In the view we take of the proceeding, it is unnecessary to pass upon the character of the interest the beneficiaries had in the trust property.

Each of the grantors reserved the right to terminate the trust upon 30 days' written notice, but the power was never exercised. The petitioner argues that if the power of revocation had been exercised, the decedent would not have been entitled to receive in excess of one-half of the corpus of the trust estate. The view of the respondent is, in effect, that the decedent, having made his contribution coupled with a power to revoke, would have been entitled to receive 89.53 percent of the principal in the event of termination of the trust by either of the grantors. The petitioner's theory is that the trust instrument effected a gift *in praesenti* by the decedent to his wife of so much of his property as exceeded that of his wife. The respondent's position on the point is that the power reserved to revoke stood in the way of a completed gift *inter vivos*, and brings into operation the provisions of section 302 (d) (1) of the Revenue Act of 1926, as amended by the Revenue Act of 1934, reading, in part, as follows:

> To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, * * * except in case of a bona fide sale for an adequate and full consideration in money or money's worth.

No claim is being made by the petitioner and it does not appear that the transfer was a "bona fide sale for an adequate and full consideration in money or money's worth." *Safe Deposit & Trust Co. v. Tait,* 295 Fed. 429; *Phillips v. Gnichtel,* 27 Fed. (2d) 662; *Pauline L. Sheets et al., Executors,* 35 B. T. A. 220; affd., 95 Fed. (2d) 727.

The preamble of the trust deed recited that the object of the trust was to insure the grantors income during their joint lives and the life of the survivor of them. Nowhere in the instrument is there an express declaration on the part of either grantor to make a gift *inter vivos* of property to the other. Neither did the grantors specify the proportions in which they were to receive the income of the trust or the corpus in the event the trust was terminated by either grantor. The trustee distributed all of the income, except the amount represented by the last distribution, directly to the decedent in accordance with requests made upon it by one or both of the grantors. These instructions were apparently given to the trustee from time to time as the occasion therefor arose and obviously did not modify the trust deed as to distribution of income, or the corpus. Until the death of the decedent the trust continued in full force and effect, with a provision empowering the decedent to terminate the trust. Upon the happening of such an event, the trustee was directed "to pay over and deliver to the Grantors or to the surviving Grantor all property held by it under the agreement." The death of the decedent terminated this power of revocation and until then there was no gift *inter vivos* of any part of the corpus transferred to the trust by the decedent. *Burnet* v. *Guggenheim*, 288 U. S. 280; *Day Kimball et al., Administrators*, 29 B. T. A. 60; affd., 71 Fed. (2d) 1011; certiorari denied, 293 U. S. 607. The transfer occurred upon the extinguishment of the power and this was brought about by the death of the decedent. The termination by death of the power of revocation constituted a transfer subject to the imposition of estate taxes. *Katherine B. Albrecht et al., Executrices*, 27 B. T. A. 1091; *Fidelity-Philadelphia Trust Co., Trustee*, 34 B. T. A. 614, and cases cited therein.

Moreover, under the principles enunciated in *Burnet* v. *Guggenheim*, *supra*, and *Day Kimball et al., Administrators*, *supra*, the trust being revocable, there was no gift *inter vivos* by the decedent to his wife of any portion of what he contributed to the trust, and the whole of his contribution remained in his estate for the purposes of the estate tax. If we were to assume that a tenancy in common was created, as contended by petitioner, any presumption that the tenants in common held by moieties is overcome by the fact that the contributions by decedent and wife were in unequal proportions, the proportions determined by the respondent. *Lowell* v. *Lowell*, 185 Iowa, 508; 170 N. W. 811; *Bittle* v. *Clement*, 54 Atl. 138; *Byers* v. *Doheny*, 287 Pac. 988. Generally, whatever is true at law of a legal estate is true in equity of a trust estate. *Croxall* v. *Shererd*, 72 U. S. 268.

Aside from reinvestments of the corpus, securities and cash were added to the trust, but the record does not disclose by whom the contributions were made. In the absence of proof that the decedent's

interest in the trust at the time of his death was less than 89.53 percent, the Commissioner's action in including in the gross estate of the decedent the sum of $171,706.84 as the value of decedent's interest in the principal trust will not be disturbed.

*Decision will be entered under Rule 50.*