## MARKWELL'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7083.

Circuit Court of Appeals, Seventh Circuit.
May 22, 1940.

Aléx P. Greenthal, H. W. Schuler, and Benjamin Poss, all of Milwaukee, Wis., for petitioner.

Lyle M. Turner, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, and A. F. Prescott, Sp. Assts. to the Atty. Gen., for respondent.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

This petition for review of a decision of the Board of Tax Appeals presents the question of the deductibility from the gross estate of decedent of a claim filed by his daughter against the estate. It was based on a contract made by her parents many years before as a part of a settlement in connection with divorce proceedings.

The contract out of which the claim arose was made in 1909. It provided that decedent should pay his then wife the sum of $15,000 in cash and turn over to a named trustee the further sum of $15,000 in certain designated securities, the income of which was to be used in paying to the wife and their only child, a daughter, Ruth, the sum of $750 a year. It further provided that decedent should execute a bond to pay the further sum of $200 a year as long as his wife remained unmarried, and the sum of $500 for her costs and fees in the divorce action, and that the furniture in their home should be equally divided between them. The income of the $15,000 trust fund was to be supplemented by decedent if it did not amount to $750 a year, and of this sum, one-third was to be paid to the wife for

her own use, and the other two-thirds for the use of the daughter as long as she remained unmarried and at home, and upon her reaching the age of twenty-one or marrying or ceasing to live at home, the money was to be paid directly to her. The agreement further stated that the delivery of the $15,000 in securities to the trustee and the payment of the $15,000 in cash and agreement of decedent to pay the further sums and to divide the furniture should be treated as a final division and distribution, and the judgment to be entered in the divorce proceeding should so provide. The final paragraph of the agreement recited:

"The said Louis D. Markwell, as an additional consideration for the making of this agreement, does hereby agree that the said Ruth shall receive at his death at least one-half of all the property of every description of which he shall die seized, possessed or in any wise entitled (the said sum of fifteen thousand dollars herein provided to be paid in bonds and securities to said Trust Company to be for the purposes of such division treated as part of his estate and applied in payment of the half thereof to be paid to said Ruth), and that he will not by any act intentionally diminish substantially the amount which would otherwise come to said Ruth at his death under this agreement. This provision as to the receipt of property by said Ruth at the death of said Louis is conditioned and dependent upon the full and faithful compliance by said Sophie and said Ruth with the provisions of this agreement relative to the care and custody of said Ruth by said Louis."

Decedent died testate in 1935 leaving as his sole heir his daughter Ruth, then thirty-four years of age and married. The Board of Tax Appeals found that all the provisions of the agreement had been faithfully performed by all parties.

The will of decedent which was executed in 1925 did not refer to the agreement of 1909. It provided that, after payment of certain specific bequests, all the balance of his estate should go to two trustees to hold in trust for his daughter until the death of her mother, at which time all the trust estate was to be turned over to his daughter. The will named as executors and trustees the daughter and her husband. During the continuance of the trust period, his daughter was to receive the sum of $300 a month. In case the daughter predeceased her mother, the estate was to go to the issue of the former, if any, as soon as practi-

cable after the death of the mother. In the event that the daughter left no issue, then the estate was to be divided between two nieces of decedent.

The daughter filed a petition in the Probate Court of Milwaukee County, Wisconsin, claiming half of the estate of her father by virtue of the 1909 agreement, and asking specific performance of the final provision of that contract. The estate had an appraised value of $291,441. The court found that there was no similarity in amount or nature between the provisions of the will for her benefit, and the amount to which she was entitled by reason of the agreement, and therefore allowed her claim in the amount of $138,220. Petitioner, the executor under the will (the daughter having resigned as co-executor) contends that he is entitled to deduct this amount in computing the gross estate of the decedent for estate tax purposes on the following grounds:

1. The contract rights acquired by the claimant under the agreement of 1909 became vested as of that date, and to subject the claim based thereon to after-enacted tax laws would violate the Fifth Amendment to the Constitution.

2. The claim was deductible under section 303 of the Revenue Act of 1926, as amended, for the reason that relinquishment of the right of support constituted adequate consideration in money or money's worth within the meaning of that statute.

3. The claim was based on fair consideration in money or money's worth within the meaning of the statutes prior to the 1932 amendment (section 804).

We agree with the Board of Tax Appeals that there is little merit in petitioner's first contention. While it is true that the Wisconsin court found that the contract was a valid and enforcible one, obviously it contemplated execution after the death of the maker, and the third party beneficiary acquired no rights enforcible prior to his death. The enforcement of whatever rights she had at that time were, of course, subject to the laws then in effect governing deceased estates, and rules and cases relied upon by petitioner relating to inter vivos transfers of property have no bearing on the situation here involved. Even though the Wisconsin court did hold that the contract created vested rights, it did not and could not hold that it created vested transfers. Hence the Board was correct in holding that no property passed

to the daughter in 1909, and there was no question as to the applicability of the Federal estate tax laws.

The Revenue Act of 1926, section 303, provided for the deduction from the gross estate of such claims against the estate as were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth. This section was amended by sections 804 and 805 of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev. Code, § 812(b) (5), to provide that:

"For the purposes of this title [subchapter], a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration 'in money or money's worth.' "

"* * * The deduction herein allowed in the case of claims against the estate * * * shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. * * *"

■ Petitioner seeks to avoid the effect of these provisions by the contention that it was not dower alone which the wife relinquished by the terms of the agreement, but also her right to support, relief from the obligation of which constituted a part of the consideration. Apart from the fact that the right to support might perhaps be included in the "other marital rights in the decedent's property or estate," we note that the agreement made provision for a continuing income for the wife from the trust fund of $15,000 set up for the benefit of herself and their daughter, as well as the $200 a year which decedent bound himself to pay as long as she remained unmarried after their divorce. While these amounts do not seem large by comparison with the extent of the estate left by decedent, it must be remembered that the agreement was entered into twenty-six years before his death, and we are not enlightened as to his circumstances at the time it was executed. Certainly we cannot say that no significance is to be attached to the fact that the first items were to be incorporated in the decree of divorce "as a final division and distribution of the estate of the husband," and that the last, that upon which the claim here involved is based, was recited "as an additional consideration."

The Supreme Court discussed the requirement of consideration for deductible claims in the case, Taft v. Com'r, 304 U.S. 351, 58 S.Ct. 891, 894, 82 L.Ed. 1393, 116 A.L.R. 346, holding that not all valid, enforcible claims against an estate are deductible. There the Court stated that the claims there involved were based on promises which were legally binding and enforcible against the estate of the decedent, but ruled that, though contracted bona fide, they were not incurred for an adequate and full consideration in money or money's worth as required by the statute. It called attention to the fact of the change in the law by the addition of that requirement: "Congress had reason to think that the phrase 'fair consideration' would be held to comprehend an instance of a promise which was honest, reasonable, and free from suspicion whether or not the consideration for it was, strictly speaking, adequate. The words 'adequate and full consideration' were substituted by § 303 (a) (1) of the Act of 1926 [26 U.S.C.A.Int. Rev.Acts, page 232]. There must have been some reason for these successive changes. It seems evident that the purpose was to narrow the class of deductible claims, and we are not at liberty to ignore this purpose." See also Glaser v. Com'r, 8 Cir., 69 F.2d 254.

■ Whether or not the agreement of 1909 contemplated testamentary disposition of the estate in favor of the daughter is not entirely free from doubt. Cf. Latty v. Com'r, 6 Cir., 62 F.2d 952. If we consider that the Wisconsin decree simply entitled the claimant to a one-half distributive share of the estate of decedent, there is no question of the applicability of the estate tax laws. See Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed 119, 119 A.L.R. 410. If, however, we consider the claim as an adverse one, then the burden is on the taxpayer to show that it is based on adequate and full consideration in money or money's worth, in view of the statutory requirement. "Deductions are matters of legislative grace, and one seeking a deduction must show that he comes clearly within the terms of the statute allowing it." Empire Trust Co. v. Com'r, 4 Cir., 94 F.2d 307, 310. See also Sheets v. Com'r, 8 Cir., 95 F.2d 727. Here the proof falls far short of that required to show that petitioner is entitled to deduct the claim, and there was no error in the decision of the Board of Tax Appeals denying the deduction. The decision is, therefore, affirmed.