MARGARET WHITE MARSHALL (FORMERLY MARGARET WHITE WOOD), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96948. Promulgated December 17, 1940.

*Harrison Lillibridge, Esq.*, for the petitioner.
*L. A. Spaulding, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $467.38 in gift tax for the calendar year 1937. The only issue for decision by the Board is whether or not the petitioner made a taxable gift to her children of remainder interests in the corpus of two trusts. The facts have been stipulated and the Board adopts the stipulation as its findings of fact.

The petitioner established two trusts on June 3, 1937, and transferred $10,000 to each. The trusts were irrevocable. The income of one was to be paid to Kathleen Bowen for life and the income of the other was to be paid to Mary Eells for life. The principal of each trust fund was to be distributed to the petitioner upon the death of the life beneficiary, if the petitioner were then living, but in case the petitioner were not then living, the principal was to be distributed among the children of the petitioner and their issue per stirpes.

The petitioner concedes that there was a gift of the life estate in each trust. The parties have stipulated the values of those life estates. The petitioner contends that there was no gift other than the life estate in each trust. The Commissioner concedes that the petitioner reserved to herself a reversionary interest, the value of which must be excluded in computing the taxable gift. He contends, however, that the provisions transferring the property to the children of the petitioner and their issue, in case the petitioner does not survive the life tenants, effected a present gift of contingent remainders

and those gifts were subject to tax in 1937. It is upon this latter point only that the parties are in disagreement.

The remainder interest after the death of the life beneficiaries in each trust will either go to the children of the petitioner or revert to the petitioner. But it can not do both. Actuaries are able to compute, by means of tables of experience, the probabilities of whether the petitioner will survive the life tenants and thus enjoy the remainders herself or whether the children will receive the remainders because their mother will fail to survive the life tenants. The parties have stipulated the values which an actuary attributes to the reversionary interests of the mother and to the remainder interests of the children. The question here, however, is not one of the probabilities as to which way the remainder will go and values based thereon, but it is whether the petitioner made any gift in 1937 of the remainder interests to her children.

The trust agreements clearly evidence the petitioner's intention to transfer by gift only the life estates and to retain in herself a remainder interest in the entire corpus. The trust instruments accomplished her purpose. The remainder interests in the children are wholly contingent upon her death prior to the termination of the life estates and upon the ascertainment at that time of the particular remaindermen who will take. The death of the petitioner is the indispensable event which may bring one or another of these contingent interests into being. If the petitioner should survive the life tenants, then the children will get nothing. The transfers of the remainder interests to the children are to take effect only in case the petitioner fails to survive the life tenants. Thus, those transfers are to take effect in possession or enjoyment, if at all, after the death of the petitioner. Should the property thus pass at her death, its value will be included in her gross estate for estate tax purposes even though she retained for herself only a possibility of reverter. Sec. 302 (c) of the Revenue Act of 1926, as amended; *Klein* v. *United States*, 283 U. S. 231; *Helvering* v. *Hallock*, 309 U. S. 106. The Supreme Court has said that the gift tax and the estate tax are in *pari materia* and must be construed together; Congress had no purpose to tax gifts before the donor had parted fully with his interest in the property given; and the test of completeness of a transfer for gift tax purposes is the same as that applied in determining whether the donor had retained an interest subject to the estate tax upon its extinguishment at death. *Sanford* v. *Commissioner*, 308 U. S. 39.

The Board in the case of *Lorraine Manville Gould Dresselhuys*, 40 B. T. A. 30, held that there was no gift subject to tax where property placed in trust was to return to the donor unless a certain event took place, but was to go to others if the event took place. The Board said that a gift must be complete and there is no gift where the

transfer is subject to a condition precedent, such as the one there involved. The reasoning of the Board there applies with equal force here. The corpus of each of these trusts will return to the donor unless a certain event takes place, her death before the death of the life tenants. Thus, there will be no complete transfer of the remainder interest to her children until and unless she dies prior to the death of one or both of the life tenants. The remainders to the children were not taxable gifts in 1937. *Emily Trevor*, 40 B. T. A. 1241; *William T. Walker*, 40 B. T. A. 762; *Marrs McLean*, 41 B. T. A. 1266; *Lorraine Manville Gould Dresselhuys, supra; Sanford* v. *Commissioner, supra.*

Section 510 makes the donee of any gift personally liable for the tax to the extent of the value of the gift to such donee. Suppose that the children in this case had been required to pay a tax on the value of their remainder interest in 1937, and suppose, further, that the life tenants had thereafter died while the petitioner was still alive. The children would thus have paid a gift tax on something which they never received. It has been pointed out heretofore that Congress probably did not intend to impose a tax under such circumstances. *Sanford* v. *Commissioner, supra; Lorraine Manville Gould Dresselhuys, supra; Hesslein* v. *Hoey*, 91 Fed. (2d) 954. This serves to corroborate our conclusion that there was no completed gift of these remainder interests in 1937 within the meaning of section 501 (a) of the Revenue Act of 1932.

*Decision will be entered under Rule 50.*