MORRIS MICHEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAX E. WEINSTOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 97311, 97312. Promulgated March 19, 1941.

*Morris N. Friedland, Esq.*, for the petitioners.
*E. G. Sievers, Esq.*, for the respondent.

# 1038

OPINION.

STERNHAGEN: The Commissioner's notices of deficiency were based upon the determination that the value of the shares at the time of the gift was greater than the petitioners had reported. The original petitions assail the Commissioner's valuation. Before the cases came on for hearing, the United States Supreme Court, on November 6, 1939, decided *Sanford's Estate* v. *Commissioner*, 308 U. S. 39, and on January 29, 1940, decided *Helvering* v. *Hallock*, 309 U. S. 106, and amended pleadings were filed. The primary issue when the cases were tried was whether, in view of the retained possibilities of reversion upon the death of the beneficiaries of the trusts, the petitioners had made gifts of the shares of stock placed in trust. After the cases were submitted and the briefs filed, the respondent filed a motion (to which petitioners would not consent) to reopen for additional evidence thought to be necessary to conform to the Board's decision of May 28, 1940, in *Marrs McLean*, 41 B. T. A. 1266. The motion was granted. The parties then filed a stipulation of further evidence. The cases are now under submission upon the entire record.

1. The decisions in *Sanford's Estate* v. *Commissioner*, *supra*, and *Helvering* v. *Hallock*, *supra*, leave no doubt that the reservation by

the donors of the reversion in the event the beneficiaries die is sufficient to preclude recognition of gifts and the imposition of gift tax. *Lorraine Manville Gould Dresselhuys*, 40 B. T. A. 30; *William T. Walker*, 40 B. T. A. 762; dismissed, 111 Fed. (2d) 646; *Emily Trevor*, 40 B. T. A. 1241; *Marrs McLean, supra; Margaret White Marshall*, 43 B. T. A. 99. Cf. *Commissioner* v. *Flanders*, 111 Fed. (2d) 117; *Estate of Homer G. Day*, 41 B. T. A. 580. The Commissioner was in error in determining any gift tax on the transfer of the securities in trust, and the original issue as to the correct value of the shares so transferred is moot. This disposes completely of the issues framed by the pleadings.

2. There has been no amendment of the pleadings to claim a gift tax upon the transfer by the petitioners of something other than the shares of stock of the corporation. Upon the amended pleadings filed at the hearing, the cases were tried, and they raised the question of the propriety, as a matter of law, of taxing the transfer of the shares and the propriety, as a matter of fact, of the Commissioner's valuation. The Commissioner's "Motion to Reopen" is:

that the cases be restored to the calendar in order to afford the parties an opportunity to present additional evidence, either by stipulation or by deposition or in open hearing, bearing upon the discount factors if any which should be applied to the values otherwise determined for the stock which petitioners transferred in trust in 1935 and 1937, by reason of the reservation of possibilities of reverter to the petitioners.

It was stated that counsel for petitioners "does not consent to the reopening of the cases." A stipulation was filed of facts constituting additional evidence. It contains: 1. The dates of birth of petitioners and the beneficiaries of the trusts.

2. If it be held and determined (contrary to petitioners' contentions) that the transfers in trust made by petitioners during 1935 and 1937 as otherwise shown by the record herein, or any of said transfers in trust, constituted completed gifts, but consisted (contrary to the Commissioner's determination) of something less than the full value of the securities transferred, then, based upon recognized expectancy and mortality tables and using 4% as the proper income or discount factor, it is agreed as follows:

Subparagraphs (a) to (q) purport to set forth factors for mathematical computations. Paragraph (c) is:

(c) If it should become material in these proceedings (as maintained by the petitioners) to determine the value of one or more estates or interests measured in each instance by the life of one person, or to determine the present worth of a remainder or reversionary interest at the death of one person, then such determinations may be made in accordance with Article 19, and Table A thereof, of Regulations 79, relating to the Federal Gift Tax, which Article and Table are incorporated herein by reference.

Article 19 of Regulations 79 deals with the valuation of property. It covers eight pages and contains nine subdivisions, of which only

one paragraph of subdivision 7 appears to be within possible range. The parties reserve the right to contest the Board's decisions. No briefs have been filed since the stipulation.

Such a record will not support a decision as to whether a gift of other than the shares, e. g., a life estate, as intimated, was made by either of the petitioners, nor will it support a determination of the value of such a different property if it could be said that one was transferred. No such issue had been framed by the pleadings and even if the motion to reopen could be treated as a pleading, the evidence stipulated is insufficient to permit of a decision as to the nature or value of what was given.

The respondent, in seeking to avoid the full effect of the *Sanford* decision, is intimating by his motion that gifts were made by petitioners of an interest or estate in the shares other than the fee. To raise this question he must plead it affirmatively, for it is not fairly implicit in the pleadings. So pleading, he must prove the contention. It is not enough that he be permitted to place in the record evidence "bearing upon the discount factors if any", etc. Nowhere is there an allegation that these petitioners made gifts other than the transfers of the securities in trust; and it is far from clear, from the motion and the stipulation, as to what in fact the Commissioner now contends was the gift or gifts which the petitioners made or what the value of such gifts, if any, was. Indeed, it is difficult to know what significance some of the stipulated evidence is intended to have. Clearly the petitioners may not be regarded as making a gift of the possibility of reverter; and yet the stipulation proffers alleged methods of determining the value of the retained possibility of reverter. If it be supposed that by this method a mathematically computed value of the possibility of reverter is to be subtracted from a determined value of the shares, and the remainder regarded as the value of the life estate given, it can only be said that the determination of value by such a hypothetical formula is alone not sufficient to support a decision. In any event, none of the 1935 trusts gives an unabridgable life estate. The donors' renunciation as to these trusts was not made until 1936, cf. *Emery May Holden Norweb*, 41 B. T. A. 179, a year which is not in issue in these cases. So the only transfers to which the intimated shift could apply would be those of Michel for his two children in 1937.

It results that the Commissioner has failed to plead or prove what is necessarily an affirmative contention, and for even stronger reason than in *Marrs McLean, supra*, the deficiency may not be modified to reflect the possible value of the alleged gift of a life estate.

*Decisions will be entered for the petitioners.*