**HELVERING v. Com'r of Internal Revenue, v. ROBINETTE.**

**SAME v. PAUMGARTEN.**

No. 7894, 7895.

Circuit Court of Appeals, Third Circuit.

Argued March 6, 1942.

Decided March 23, 1942.

On Rehearing July 30, 1942.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to the Atty. Gen., on the brief), for petitioner.

Henry A. Mulcahy, of New York City, (John F. Kiernan, of New York City, on the brief) for respondents.

Before BIGGS, CLARK, and JONES, Circuit Judges.

CLARK, Circuit Judge.

In 1936 the younger respondent was contemplating marriage. To make sure that the family fortune would follow the line of descent the three trusts in the case at bar were established by her and her mother, the older respondent. By the terms of two of these instruments properties were irrevocably transferred to trustees by the daughter. Her trustees were to pay the entire income from the trusts to the grantor during her life, and on her death to her mother and her stepfather, share and share alike, and on the death of either to the survivor. Upon termination of the life estates, the trustees were to distribute the corpus to the issue of the grantor per stirpes, upon their reaching the age of twenty-one, and in default of such issue, then to such persons, and in such proportions, and for such estates as the survivor of the three life tenants should by will appoint. The mother likewise transferred property irrevocably to trustees pursuant to an instrument similar to the above except for the fact that the order of the life estates was mother, husband and daughter. After gift taxes had been paid on the life estates, the Commissioner assessed deficiencies based upon the remainder interests in these trusts. From a holding by the Board of Tax Appeals that the remainder interests did not constitute taxable gifts the Commissioner has appealed.

The separate enactment of the income, estate, and gift taxes and the piecemeal amendment of all three "to meet specific avoidance situations" has resulted in a lack of correlation.[1] This lack is of course not overlooked by taxpayers attempting to minimize their tax payments. The case at bar presents one such effort. This[2] and other recent decisions of the Board of Tax Appeals[3] have, we might say, distinctly implemented that effort. The Board has taken the view that the gift tax does not apply wherever the gift might be included in the donor's estate for purposes of the estate tax. From this they conclude that no gift tax may be imposed where the settlor retains a possible power of testamentary disposition. They assert that this holding follows inevitably from certain language in the then Mr. Justice Stone's opinion in Estate of Sanford v. Commissioner:

"There is nothing in the language of the statute, and our attention has not been directed to anything in its legislative history to suggest that Congress had any purpose to tax gifts before the donor had fully parted with his interest in the property given, or that the test of the completeness of the taxed gift was to be any different from that to be applied in determining whether the donor has retained an interest such that it becomes subject to the estate tax upon its extinguishment at death. The gift tax was supplementary to the estate tax. The two are in pari materia and must be construed together." 308 U.S. 39, 44, 60 S.Ct. 51, 56, 84 L.Ed. 20.

Discussing this passage a writer in the Columbia Law Review poses and answers some questions:

"These sentences are addressed primarily to a case in which the settlor had reserved powers over the disposition of the entire property in question. Will they be given general application to cases in which the transferor has retained a sufficient interest in the property to require its inclusion in his gross estate, but has not retained powers over the ultimate disposition of all of it? * * * Nevertheless, the wife has clearly acquired a valuable interest at the time the tenancy was created, and it is not at all subject to reserved powers in the husband. The value of the gift is not the full value of the property, but both in common parlance and in legal contemplation a completed gift of ascertainable value seems to have been made.

"A narrower test than that posed above may be evolved from the consideration of cases of joint tenancies, and of transfers containing reservations by the transferor of various other interests. * * * Has the transferor completely relinquished, *inter vivos*, ownership and control of interests in the property having an ascertainable

[1] Greenfield, Correlation of Federal Income, Estate and Gift Taxes, 16 Temple University Law Quarterly 194; Warren, Correlation of Gift and Estate Taxes, 55 Harvard Law Review 1.

[2] Meta B. Robinette v. Com'r of Internal Revenue, 44 B.T.A. 701.

[3] Margaret Marshall v. Com'r of Internal Revenue, 43 B.T.A. 99; Carl Schmidlapp v. Com'r of Internal Revenue, 43 B.T.A. 829; Morris Michel v. Com'r of Internal Revenue, 43 B.T.A. 1036. Prior to the Supreme Court decision in Estate of Sanford v. Com'r, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20, the Board had held contra, William Walker v. Com'r of Internal Revenue, 40 B.T.A. 762.

value? If he has, a gift tax may be applied, even though the estate tax may also be applicable. On the whole, this narrower test seems more reasonable than a determination that, except for transfers in contemplation of death, the gift tax only applies if the estate tax does not. For there are a good many instances of transfers during life which for purposes other than gift taxation are everywhere regarded as completed gifts, but which are nevertheless includable in the gross estate. It seems that the gift tax should apply to transfers of this character; and accordingly that the coordination of the gift tax and estate tax statutes in these instances should be effected by changes in the latter, not by a judicial interpretation of the former that brings it out of line with the general law. * * *

"Are *inter vivos* transfers in which the settlor has reserved to himself some reversionary interest subject to a gift tax as well? If the gift tax is merely supplementary to the estate tax, it is quite arguable that no gift tax can be imposed. These cases seem to be distinguishable, however, from the situation of the *Sanford* case, for reasons already outlined. A valuable irrevocable interest in another has been created by the settlor. There is no power in him to get it back; so long as the beneficiaries live, they will enjoy the income of the property, free from his control. Hence it seems that, to the extent of the value of the interests created in donee-beneficiaries, there is a taxable gift." Magill, The Federal Gift Tax, 40 Columbia Law Review 773, 783, 787.

We confess that we agree with these answers and further believe that the case at bar is embraced therein. The respondent settlors retained no economic control over the trusts except for the possibility that during the settlors' lifetime the life tenants die with the younger respondent remaining childless. Thus, the settlors could not themselves bring about the exercise of their powers of appointment without committing a crime. This view is supported by the recent opinion by Judge

Frank in Commissioner v. Marshall[4] and is the one taken by a tax expert writing in the Harvard Law Review:

"It thus appears that such a reversionary interest in the grantor would not prevent the imposition of a gift tax. Certainly the transfer to a trustee of property over which the grantor only reserves a possibility of reverter (irrespective of its proximity or remoteness) constitutes such a transfer of property as is covered by the gift tax. If the gift tax is merely supplementary to the estate tax, of course no gift tax can be levied, but these trusts are distinguishable from the trusts in the *Sanford* case because here the grantor reserved no economic control." Warren, Correlation of Gift and Estate Taxes, 55 Harvard Law Review 1, 25.

We are not disturbed by the fact that no donees of the reversionary interest were in existence at the date of the creation of the trust. The tax is primarily payable by the donor on his transfers by gift[5] and not by the donees on their receipts.[6] Since the donors have irrevocably parted with the property, the tax should attach even though the donees are not wholly ascertainable.[7] In the words of our previously quoted Mr. Warren:

"The taxable event is, therefore, the irrevocable divestment of all the donor's rights in the property, rather than the irrevocable vesting of rights in particular beneficiaries." Warren, Correlation of Gift and Estate Taxes, 55 Harvard Law Review 1, 15.

Taxpayers also argue that the transfers were made for "adequate and full consideration in money or money's worth."[8] In so doing they are talking about one thing while the statute is talking about another. Concededly mutual promises may be consideration for a contract in the common law sense.[9] The legislative history and perhaps even the words of the statute give a contrary meaning:

"The tax is designed to reach all transfers to the extent that they are donative

---

[4] 2 Cir., Feb. 3, 1942, 125 F.2d 943, reversing Margaret Marshall v. Com'r of Internal Revenue, supra, note 3.

[5] Int.Rev.Code § 1008(a), 26 U.S.C.A. Int.Rev.Code § 1008(a).

[6] The tax remains a lien on the gift and if not paid the donee may be liable.

Int.Rev.Code, § 1009, 26 U.S.C.A. Int. Rev.Code § 1009.

[7] See Treasury Regulations 79, Art. 3 (1936) as amended by T.D. 5010, 1940-2 Cum.Bull. 293. Cf. Herzog v. Com'r, 2 Cir., 116 F.2d 591.

[8] Int.Rev.Code § 1002, 26 U.S.C.A. Int. Rev.Code § 1002.

[9] 1 Williston, Contracts § 103.

and to exclude any consideration not reducible to money or money's worth." H.R.Rep. No. 708, 72d Cong., 1st Sess.(1932) p. 29; Sen.Rep. No. 665, 72d Cong., 1st Sess.(1932) p. 41.

This view is further supported by a history of the cognate acts. The Revenue Act of 1924 permitted a deduction from the estate tax for claims against the estate which were "incurred or contracted bona fide and for a fair consideration in money or money's worth."[10] The 1926 Act changed the words "fair consideration" to the present statutory words, "adequate and full consideration."[11] The cases under this cognate estate tax provision limit "adequate and full consideration" to liabilities founded upon contract.[12] A family agreement regarding testamentary dispositions does not meet this statutory requirement of consideration.[13] Likewise an exchange of such promises does not constitute the necessary "adequate and full consideration in money or money's worth" as used in the gift tax. The essential quality of these transfers was the disposition of property by way of gift. The concerted action of the taxpayers in no way affects that quality.[14]

The decisions of the Board of Tax Appeals are reversed.

Opinion upon Rehearing.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

In our previous decision in this case we decided that the remainder interests, created by the trust agreements there involved, constituted taxable gifts. We granted a rehearing when the taxpayers pointed out that no allowance was made for the grantors' reversionary interests in calculating the value of the remainders. Other points were also pressed, but we do not discuss them again here because we believe they were correctly determined in the original opinion, to which we adhere.

The grantors were mother and daughter. Each of the trust indentures created a life estate for the grantor, succeeding life estates, and then provided for the distribution of the corpus to the daughter's issue at majority. In default of such issue, general powers of testamentary appointment were given to the last surviving life tenant. The taxpayers contend that at the least they are entitled to have the cases remanded to the Board to compute the value of the reversionary interest remaining in the grantor of each trust. This they contend must be deducted in order to furnish the proper determination of the value of the remainders. The Commissioner, on the other hand, contends that whatever either taxpayer has left by way of reversion is too contingent and remote to be valued. It is to be borne in mind that the question here is the valuation of the remainders created in each of these two deeds of trust. According to the Regulations [1] it is made on the basis of the "present value of $1 due at the end of the year of death of a person of specified age". Such an evaluation is a matter of calculation from the facts and figures already in the record in these cases. The sum thus arrived at is not affected by the fact that the daughter-grantor may never have children who attain the age of majority and thus become eligible to receive these gifts. The terms of the indentures were direct and unqualified and the gifts thus made are not under the control of either grantor in any way. Only if no child of the daughter-grantor attains the age of majority does the survivor among the life tenants have any opportunity for the exercise of the power of appointment. Failing such appointment there would be, presumably, a distribution of the corpus to the next of kin of the grantor of each trust. In any event, however, if these remainders vest in the children of the daughter-grantor their value is not lessened in any way by what might happen if there were no children to take it. If they get the gifts at all they get the whole of them. The reversionary interests cannot in any way defer the time when the gifts will vest; nor can they defeat the latter. We think, there-

---

[10] Revenue Act of 1924, Sec. 303(a) (1), 26 U.S.C.A. Int.Rev.Acts, page 68.

[11] Revenue Act of 1926, Sec. 303(a) (1), 26 U.S.C.A. Int.Rev.Acts, page 232, 26 U.S.C.A. Int.Rev.Code § 812.

[12] See H.R.Rep. No. 708, 72d Cong., 1st Sess., p. 48; Sen.Rep. No. 665, 72d Cong., 1st Sess., p. 51.

[13] Markwell's Estate v. Com'r, 7 Cir., 112 F.2d 253; Estate of F. A. Gray v. Commissioner of Internal Revenue, 44 B.T.A. 545. See, also, Latty v. Com'r, 6 Cir., 62 F.2d 952.

[14] Cf. Com'r v. Bristol, 1 Cir., 121 F.2d 129.

[1] Treas.Reg. 79, Art. 19(7) and Table A.

fore, that each of the respective settlors made such a gift as makes the whole taxable, subject, of course, to the reserved life estate. The cases do not need to be sent back for an evaluation of the reversionary interests.

Differing terms found in instruments creating trusts of course make for differing results on this point. Thus, in Commissioner of Internal Revenue v. Marshall, 2 Cir., 1942, 125 F.2d 943, there was a provision for distribution to the settlor if living upon the death of the life beneficiary and, if not, then to other beneficiaries. However, in neither the Marshall case nor Hughes v. Commissioner of Internal Revenue, 9 Cir., 1939, 104 F.2d 144, where similar reversionary interests were involved, is there a determination of this exact point. Cf. Herzog v. Commissioner of Internal Revenue, 2 Cir., 1941, 116 F.2d 591. Commissioner of Internal Revenue v. McLean, 5 Cir., 1942, 127 F.2d 942, which comes close to the facts of this case was sent back to the Board of Tax Appeals to determine the value of that which the court felt was not included in the gift. We think that in our case each settlor gave away the whole estate and only in the event that the gift failed by reason of subsequent events would either have any further concern with its disposition. We conclude, therefore, that the tax was properly based upon the method adopted by the Commissioner.

The order of the Court upon rendering the first opinion in this case was that "The decisions of the Board of Tax Appeals are reversed". We affirm that order.