### HERNSTADT v. HOEY.

District Court, S. D. New York.

Oct. 30, 1942.

Moses & Singer, of New York City (Felix A. Fishman, of New York City, of counsel), for plaintiff.

Mathias F. Correa, U. S. Atty., of New York City (William L. Lynch, Joseph C. Kenney, Asst. U. S. Attys., both of New York City, of counsel), for defendant.

GALSTON, District Judge.

In this action the plaintiff seeks to recover a refund of $54,925.31, the claim for which had been rejected by the Commissioner of Internal Revenue.

The facts have been stipulated. Briefly stated it appears that on or about June 10, 1937, the plaintiff created a trust as Settlor with the Bank of New York and Trust Company as Trustee, designated as Trust No. 2; the trust was amended on December 11, 1937, and December 17, 1938. Also on or about October 13, 1937, the plaintiff, as Settlor, and the Public National Bank and Trust Company of New York as Trustee, entered into an agreement which likewise was amended on December 11, 1937, on November 23, 1937, and also on September 23, 1940.

Under the first of these trusts plaintiff transferred securities valued at $227,900 to the Trustee and provided that the income be paid at convenient intervals to Alma C. Hernstadt, plaintiff's wife, during her lifetime. It was provided that after her death the property was still to be held in trust during the lifetime of William H. Hernstadt, plaintiff's son, with the income meanwhile to be paid in quarterly instalments to the plaintiff's issue then surviving. The instrument recited that after the deaths of Alma C. Hernstadt and William H. Hernstadt, the principal of the trust was to be paid to the surviving issue of the plaintiff, or if none existed, then to the plaintiff's brother and sister, or if neither survived, three-quarters of the principal of the trust was to be paid to the Federation for the Support of Jewish Charities in New York City, and one-quarter to the Montefiore Hospital. It is important to observe that the plaintiff retained no power in himself to alter, revoke or modify the trust in any way, but did empower two designated persons or either of them, his brother, Sidney J. Hernstadt, on his attorney, Henry L. Moses, to alter, revoke or modify the instrument, and to direct the disposition by the Trustee of all or any part of the principal and undistributed income,

"Provided, however, that no such alteration * * * shall be made * * * which directs that the income or principal of said trust, or any part thereof, shall be paid or payable to any person or persons other than the Settlor's wife and/or the Settlor's issue, and/or the Settlor's brothers and sisters, and/or the Settlor at any time when (or during any period while) the Settlor's wife or any of his issue or any of his brothers and sisters or the Settlor are living."

The instrument of October 13, 1937, created a similar trust, the corpus of which consisted of cash and securities valued at $23,237.50. Likewise in this instrument the plaintiff retained no power in himself to alter, revoke or modify the trust, but did give such power to his brother or his attorney. By instrument dated December 11, 1937, Henry L. Moses modified certain paragraphs of the two trust instruments under consideration, the most important provision of which read: "It being the intention of the Settlor to divest himself of right, title and interest in and to the principal and income of the trust hereby created."

On March 14, 1938, the plaintiff filed a gift tax return for the year 1937, and on the same day paid to the Collector of Internal Revenue the sum of $94,714.22, the amount of tax shown by the return to be due. Subsequently, on July 20, 1938, the plaintiff paid an additional sum of $687, being an additional assessment of gift tax on the basis of the facts disclosed by the return. The total payment thus made included a payment of $54,925.31, the amount of tax assessed and paid by reason of the creation of the two trusts in question.

On February 9, 1939, the plaintiff's claim for refund was made on the stated ground that neither of the instruments created a taxable transfer, the reasons for which were that the taxpayer received neither the income nor the principal of the trusts; and that the beneficiaries of income and principal could at any time be changed (with certain limitations) by Sid-

ney J. Hernstadt or Henry L. Moses. The claim recited:

"Accordingly the ultimate beneficiaries of the gifts in question could not and cannot be ascertained until the termination of said trusts (which are still in force) or until the prior death of the survivor of said Sidney J. Hernstadt, and Henry L. Moses (both of whom now survive), and said gifts * * * were not made subject to tax under the provisions of the Gift Tax Law."

On March 25, 1939, the Commissioner of Internal Revenue rejected the claim.

The relevant statute in respect to gift taxes is Section 501 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 580. That section reads as follows:

"§ 501. Imposition of Tax. (a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a nonresident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States. The tax shall not apply to a transfer made on or before the date of the enactment of this Act.

"(c) The tax shall not apply to a transfer of property in trust where the power to revest' in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom, but the relinquishment or termination of such power (other than by the donor's death) shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift."

Article 3 of Treasury Regulation 79, reads in part as follows:

"Article 3. Cessation of donor's dominion and control * * *.

"As to any property, or part thereof, or interest therein, of which the donor has so parted with the dominion and control as to leave him no power to cause the beneficial title to be vested in himself, the gift is completed."

The question presented is very narrow. Relying on Porter v. Commissioner, 2 Cir., 60 F.2d 673, and Hesslein v. Hoey, 2 Cir., 91 F.2d 954, the plaintiff contends that the gifts in question were incomplete by reason of the existing powers of modification and revocation.

Both of these cases were considered in Herzog et al. v. Commissioner of Internal Revenue, 2 Cir., 116 F.2d 591, 594, and as to Porter v. Commissioner, the court said:

"There the grantor of a trust had reserved a power to revoke the appointments and to substitute other beneficiaries expressly excepting himself and his estate. In holding that the corpus of such a trust should be included in the grantor's estate and subjected to an estate tax because *the grantor had not parted with control over it*, Judge Learned Hand said:

"'* * * Though he has officially denuded himself, he controls the disposition while he lives; the existing limitations are conditional upon his pleasure. A gift is a *bilateral transaction and demands a donee as well as a donor*; it is incomplete though the donor has parted with his interest, if the donee remains indeterminate, and when the beneficiaries are determined only when the power to change them ends.' * * *

"*This language* was only used in respect to a power reserved to the grantor and *not given to a third party*. The taxpayer here had parted with all control over the appointment."

As to Hesslein v. Hoey, the court said: "Similar reasoning was employed in Hesslein v. Hoey * * * where a like power was reserved by grantor for himself and it was held that the corpus was not subject to a gift tax because nothing had 'been done to give assurance that any part of the principal will ever be received by the named donees.'"

■ Therefore it is clear from Herzog et al. v. Commissioner, that it is the parting with the dominion and control by the donor, rather than the receipt of property by a donee, which determines gift tax liability. See Estate of Sanford v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20; Commissioner of Internal

Revenue v. Marshall, 2 Cir., 125 F.2d 943; Helvering v. Robinette, 3 Cir., 129 F.2d 832; Higgins v. Commissioner of Internal Revenue, 1 Cir., 129 F.2d 237; and Burnet v. Guggenheim, 288 U.S. 280, 53 S.Ct. 369, 77 L.Ed. 748.

Helvering v. Robinette, supra, quotes with approval Professor Warner's article, "Correlation of Gift and Estate Taxes", 55 Harvard Law Review I, page 15: "The taxable event is, therefore, the irrevocable divestment of all the donor's rights in the property, rather than the irrevocable vesting of rights in particular beneficiaries." [129 F.2d 835.]

Accordingly, since the stipulated facts disclose that the settlor parted with all dominion or control over the corpus or income, the judgment must be rendered for the defendant.